UNITED STATES of America ex rel.
Harold P. CHIARELLO,
Petitioner,

v.

Hon. Vincent R. MANCUSI, Warden, Attica State Prison, Attica, New York,
Respondent.

No. 67 Civ. 268.

United States District Court
S. D. New York.

Aug. 21, 1968.

Harold P. Chiarello, pro se.

Louis J. Lefkowitz, Atty. Gen., State of New York, New York City, for respondent, Nathan Canter, Asst. Atty. Gen., Michael Colodner, Deputy Asst. Atty. Gen., of counsel.

OPINION

WEINFELD, District Judge.

Petitioner seeks his release from the Attica State Prison on a federal writ of habeas corpus. He is now serving concurrent sentences of 7½ to 15 years pursuant to a judgment of conviction entered in the Orange County Court upon a jury verdict finding him guilty of burglary in the third degree and grand larceny in the first. The Appellate Division, Second Department, affirmed, and the Court of Appeals denied leave to appeal.

Petitioner urges that his federal constitutional rights were violated in that (1) his guilt was not established beyond a reasonable doubt; (2) he was denied a speedy trial; and (3) the prosecutor made prejudicial remarks in his summation. This Court dismissed the petition without prejudice since petitioner had pending in the state courts a *coram nobis* petition under which relief was available. On appeal, the Court of Appeals remanded the matter for further proceedings on the merits.

The asserted constitutional claims are without substance. First, the record refutes petitioner's contention that guilt was not established beyond a reasonable doubt. The jury could have found that the Minisink Bowling Lanes were burglarized on the night of August 21–22, 1963; that the person or persons who entered removed a large quantity of

liquor and broke into the vending machines to abstract the petty change; and that a fingerprint from petitioner's left ring finger appeared on the inside casing of the cigarette machine. The fact that petitioner might at one time or another have lawfully been upon the premises as a customer of the Lanes is of no significance in light of the uncontroverted testimony by the prosecution's witnesses that only one employee of the vending company had a key to the cigarette machine and that he had never seen petitioner before in his life, let alone on the occasions that he removed the casing to service the machine. The evidence was sufficient to establish that the inside of the casing, where the defendant's fingerprint was found, was inaccessible to him under lawful circumstances. Cf. Borum v. United States, 127 U.S.App.D.C. 48, 380 F.2d 595 (1967); Hiet v. United States, 124 U.S. App.D.C. 313, 365 F.2d 504 (1966). On this record it cannot be said that evidence was lacking to support the conviction. Cf. Garner v. State of Louisiana, 368 U.S. 157, 163, 82 S.Ct. 248, 7 L.Ed. 2d 207 (1961); Thompson v. City of Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960). The record makes it unnecessary to consider petitioner's suggestion that the due process clause of the Fourteenth Amendment requires the State in a criminal proceeding to establish its case beyond a reasonable doubt.

■ Petitioner's second claim, that he was deprived of his right to a speedy trial, is likewise without substance. He was indicted on December 2, 1963. The prosecution was ready for trial at all terms of court thereafter, but due to calendar congestion the case was not reached. In June, 1964, petitioner was arrested on an unrelated charge and sentenced to a nine-month term at the Riker's Island Penitentiary. While incarcerated, he served notice on the Orange County District Attorney, dated August 26, 1964, pursuant to Section 669–a of the Code of Criminal Procedure, demanding that he be tried on the pending indictment. At his appearance on December 8 after his return to Orange County, and at his request, the court assigned counsel to defend him. The case was set for trial for January 12, 1965. On January 7 assigned counsel advised the court that petitioner had retained a private attorney. The matter then went over into March because petitioner's new lawyer could not try the case until then. Trial commenced on March 1 and ended with petitioner's conviction on March 3. Beyond merely conclusory allegations in his petition, Chiarello has failed to indicate how his cause was prejudiced in any respect by the passage of time from arrest to conviction. Upon the circumstances presented, the claim that the State denied petitioner his right to a speedy trial lacks merit. See United States v. Ewell, 383 U.S. 116, 120, 86 S. Ct. 773, 15 L.Ed.2d 627 (1966). Petitioner's related argument that the delay violated his rights under the Code of Criminal Procedure, §§ 668, 669–a, does not present a federal constitutional issue.

■ Petitioner's third claim turns on the allegedly improper remarks of the prosecutor in his summation. After reviewing the record, this Court cannot say that District Attorney Ingrassia's address to the jury, although characterized by the trial court as "emotional", was so offensive as to constitute a failure by the State "to observe that fundamental fairness essential to the very concept of justice." Cf. United States ex rel. Birch v. Fay, 190 F.Supp. 105, 107 (S.D.N.Y.1961). As for the suggestion that the prosecutor unlawfully commented on the defendant's failure to take the stand, the record demonstrates that Ingrassia's veiled reference was so far from the extended observation condemned in Griffin v. State of California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), as to require no discussion by this Court. It is in fact doubtful that the jury would ever have noticed the remark had it not been for the assiduous objection of petitioner's counsel. In any event, the trial court charged

that the defendant's neglect or refusal to testify created no presumption against him, and petitioner's counsel accepted the charge as delivered. See Chapman v. State of California, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

The petition is dismissed.