Kenneth **HACK**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

Nov. 8, 1968.

Andrew J. Russell, Paducah, for appellant.

John B. Breckinridge, Atty. Gen., Howard E. Trent, Jr., Asst. Atty. Gen., Frankfort, for appellee.

WILLIAMS, Judge.

Appellant Kenneth Hack was found guilty of storehouse breaking by a jury in the McCracken Circuit Court. Punishment was fixed at three years in the penitentiary. His sole question on this appeal is stated thusly:

"Is the fingerprint evidence introduced by the Commonwealth insufficient as a matter of law to support appellant's conviction of storehouse breaking where that evidence alone connects the appellant with the said offense?"

The plate glass front door of Marjel's Cocktail Lounge in Paducah was shattered, entry was made and a quantity of liquor removed between the hours of 1:00 a. m. and 8:00 a.m. on August 11, 1967. A police investigator discovered latent fingerprints on a piece of the broken glass. The latent impressions were dusted, lifted and preserved for identification purposes. Later an anonymous caller advised the police investigator that Kenneth Hack was the person who had broken into Marjel's Cocktail Lounge and had been trying to sell the whiskey taken therefrom. The latent fingerprint lifts and a card with the fingerprint impressions of Hack were transmitted to the Federal Bureau of Investigation for comparison. At the trial an FBI fingerprint examiner testified that the latent fingerprints submitted by the

police investigator were the same as the known fingerprints of Hack.

Hack had been in and around the cocktail lounge prior to the morning of the break-in. The owner testified that the plate glass front door had been washed since Hack had been there.

■ Appellant insists that, under the rule set out in Mason v. Commonwealth, Ky., 357 S.W.2d 667 (1962), the evidence offered to establish Hack's identity is insufficient as a matter of law. Although Hack was identified by an anonymous caller as the person who committed the crime, the principal evidence was the existence of his fingerprints on a broken piece of the plate glass door. In Mason, we rejected the general rule that fingerprints alone will support a conviction only if they are found in a place where the crime was committed under such circumstances that they could only have been impressed at the time when the crime was committed. It was held that an acceptance of that choice of words would refute the rule that, if there is any evidence, however slight or circumstantial, which tends to show guilt of the crime charged or any of its degrees, it is the trial court's duty to submit the question to the jury.

In Mason, forcible entry to an office had been made and a soft drink vending machine had been moved and damaged by a blunt instrument. A thumbprint was found on the side of the vending machine. There was no other evidence to connect Mason with the crime nor was there any evidence that he had had access to the vending machine prior to the day the crime was committed. We held that the unexplained presence of the fingerprint on the machine immediately after it had been handled by the guilty party tended to identify Mason as that party. We said:

"* * * However weak the inference may have been, it was stronger than the speculative possibility that the prints were impressed innocently, and was sufficient to sustain the verdict."

In this case, Hack had been in and around the cocktail lounge prior to the date of the crime and could possibly have left his fingerprints on the door at that time. But the owner testified the door had been washed the day before and following the last time Hack had been present. The jury had every right to believe that testimony. It would necessarily follow then that Hack's fingerprints were not impressed innocently, and the evidence was sufficient to sustain the verdict.

In view of this conclusion, it is unnecessary to consider the Commonwealth's argument that the appeal should be dismissed because of certain procedural defects.

The judgment is affirmed.

All concur.