**UNITED STATES of America**
v.
**Dennis M. NAZAROK.**
**Crim. No. 70–679.**

United States District Court,
E. D. Pennsylvania.
Aug. 31, 1971.

John F. Penrose, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Mark D. Schaffer, Asst. Defender, Chief, Federal Courts Division, Philadelphia, Pa., for defendant.

## OPINION

LUONGO, District Judge.

Dennis M. Nazarok was found guilty after trial by jury on a four count indictment charging him with bank robbery in violation of 18 U.S.C. § 2113(a), (b), and (d). Before me is Nazarok's motion for judgment of acquittal on the ground that the evidence is insufficient as a matter of law to sustain conviction. In the alternative, the motion seeks a new trial on the ground that the jury's verdict is against the weight of the evidence and that the court erred in its charge to the jury.

1. *Motion for Judgment of Acquittal.*

The substance of the government's evidence was: On June 12, 1969, the Girard Bank in Yeadon was robbed by two hooded men wearing gloves and carrying guns. A number of persons witnessed the series of events. Several of the witnesses described the general physical characteristics of the robbers, one estimated that the robbers were five feet ten or eleven inches tall, while another described them as being six feet or six feet one inch tall. One witness described them as colored because of their accent, while two others described them as white based upon glimpses of skin seen through the eye slits of the hoods. The automobile used by the robbers was described as a General Motors product, green with a black vinyl top, bearing Pennsylvania registration plate number G92–860. The registered owner of the automobile with that plate number, a Miss Good, testified that it was stolen from a parking lot on the day of the robbery. She described it as a three year old green Chevrolet with a plain green, not a black vinyl, top, and testified that she had owned the automobile for one year prior to the date on which it was stolen. She testified further that she did not know Nazarok and had not at anytime authorized him to use the car.

An FBI fingerprint technician testified that on the day of the robbery he was sent to a cemetery near the Yeadon bank where he photographed an automobile bearing Pennsylvania registration plate number G92–860. He processed the car for fingerprints and found 40 latent prints which he sent to the FBI laboratory in Washington, D.C., for identification. An FBI fingerprint expert from Washington testified that only six of the 40 latent prints taken from the car were identifiable, and that one of the six matched a print of one of Nazarok's fingers. No testimony was presented as to the location on the car from which the print matching Nazarok's was lifted. There was testimony that the print was probably not more than six months old but it was also brought out that fingerprints can last for years.

On a motion for judgment of acquittal, the test is whether the evidence is such that reasonable minds could find guilt beyond a reasonable doubt. Mortensen v. United States, 322 U.S. 369, 64 S.Ct. 1037, 88 L.Ed. 1331 (1944); United States v. Allard et al., 240 F.2d 840 (3d Cir. 1957), cert. denied, *sub nom.* Fishman v. United States, 353 U.S. 939, 77 S.Ct. 814, 1 L.Ed.2d 761 (1957). Where the evidence is circumstantial, the prosecution need not negate all inferences consistent with innocence, but it must establish a case from which the jury can find guilt beyond a reasonable doubt. Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954); United States v. Allard, *supra.* In considering a motion for judgment of acquittal the evidence must be viewed in the light most favorable to the government, Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942), reh. denied, *sub nom.* Kretske v. United States, 315 U.S. 827, 62 S.Ct. 629, 86 L.Ed. 1222 (1942); United States v. Feldman, 425 F.2d 688 (3d Cir. 1970); United States v. Giuliano, 263 F.2d 582 (3d Cir. 1959), but where, after so viewing the evidence, the court concludes that upon the evidence reasonable minds must have reasonable doubt of guilt, the motion for acquittal must

be granted. United States v. Collon, 426 F.2d 939 (6th Cir. 1970); Curley v. United States, 81 U.S.App.D.C. 389, 160 F.2d 229, cert. denied, 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850 (1947); and see United States v. DiGenova, 134 F.2d 466 (3d Cir. 1943). With these principles in mind, I have carefully reviewed the evidence and have concluded that it is insufficient, as a matter of law, to sustain conviction.

The evidence against Nazarok boils down to the fingerprint found within hours after the robbery somewhere in or on the car used by the robbers. There was testimony, the purpose of which was apparently designed to place Nazarok at or near the scene of the crime. It consisted of a general physical description of the robbers, but it was so vague as to be virtually worthless. It was stipulated that Nazarok, a Caucasian, is five feet nine inches tall. The descriptions of the size and race of the robbers were so varied as to be applicable to any number of men, white or black, of fairly average height.

Convictions in cases in which fingerprint evidence has played a part have been upheld only where there was proof of corroborating circumstances connecting the accused with the event, such as eye witness testimony identifying the accused as one of the robbers, United States v. Scarpellino, 431 F.2d 475 (8th Cir. 1970), or evidence that the location of the print and the inaccessibility of the object to the defendant was such as to give rise to the inference that the accused was at the scene of the crime during its commission. Stevenson v. United States, 127 U.S.App.D.C. 43, 380 F.2d 590, cert. denied, 389 U.S. 962, 88 S.Ct.

347, 19 L.Ed.2d 375 (1967).[1] Compare United States v. Collon, *supra*.[2]

In the instant case the government presented no evidence, either direct or circumstantial, connecting Nazarok's print with the robbery. There was nothing to place him at the scene of the crime. The testimony was that the robbers wore gloves during the commission of the crime, so there was nothing to indicate that one of the robbers might have left a print. Had there been testimony as to a bare hand touching of the car by one of the robbers it might have afforded a basis for an inference that it was Nazarok who had done the touching and left the print. Here, the absence of corroborating evidence, coupled with the testimony that the print could have been placed on the car as long as six months before the date of the robbery and possibly might have been placed on it at any time during its three year life, left the jury only to speculate that the print was in fact placed on the car at some time during the commission of the crime.

Another significant deficiency in the case is that there is no evidence as to the location on the car from which Nazarok's print was lifted. From all that appears, it might have been on the outside, on a fender, hood, gas cap or window. The opportunities for the innocent placing of a print in such locations by, e. g., a pedestrian, parking lot attendant, service station attendant, etc., are virtually unlimited. Without proof that the print was located at some place in the car from which unauthorized access could be inferred, the testimony establishing that Miss Good did not lend the car to Nazarok does little to support the inference that the print must have been

---

1. Conviction for housebreaking and robbery sustained where defendants' fingerprints were found on objects at scene of crime and there was testimony that defendants did not have access to the objects outside complainant's house before or after complainant bought them.

2. General description of the accused coupled with finger and palm print on four

or five year old map found in getaway car and marked with the location of the robbed bank *held* not sufficient to establish guilt of one of two defendants beyond a reasonable doubt. See discussion of facts which, in conjunction with fingerprint evidence, was held sufficient to sustain conviction of the co-defendant.

placed there at the time of the robbery, and the further inference that Nazarok participated in it. This is not a case where the location of a print permits the inference of guilt. Compare Stevenson v. United States, *supra,* and United States v. Jones, 433 F.2d 1107 (D.C. Cir. 1970),[3] wherein the evidence was held sufficient, with Borum v. United States, 127 U.S.App.D.C. 48, 380 F.2d 595 (1967),[4] where conviction was set aside.

From the guilty verdict it is clear that the jury concluded that Nazarok touched the car and placed his fingerprint on it during the course of the robbery, but that conclusion could only have been based on speculation. On the evidence before it, the jury might just as well have concluded that the robbery was committed by the owner or owners of the other five identifiable, but unidentified, prints found on the car. Given the mobility of a motor vehicle, given the uncertainty of the testimony as to the time when Nazarok's print might have been placed on the car, and given the lack of evidence that the print was located at a point in the car from which an inference of unauthorized access might be drawn, a reasonable mind must have a reasonable doubt as to Nazarok's guilt. United States v. Corso, 439 F.2d 956 (4th Cir. 1971). See also Cephus v. United States, 117 U.S.App.D.C. 15, 324 F.2d 893 (1963); Campbell v. United States, 115 U.S.App.D.C. 30, 316 F.2d 681 (1963).

To permit Nazarok's conviction to stand on this evidence would be to subject to the possibility of conviction any person who touches an automobile which is later used in the commission of a crime. In my view, the law does not sanction such a possibility. The motion for judgment of acquittal will be granted.

### 2. *Motion for New Trial.*

In the event that the grant of defendant's motion for judgment of acquittal is reversed on appeal, defendant's alternative motion for new trial will be granted. What has been said heretofore concerning insufficiency of the evidence to sustain conviction as a matter of law leads the court inevitably to conclude that the jury's verdict is against the weight of the evidence and that a new trial should be granted in the interest of justice. Rule 33, F.R.Crim.P. United States v. Markowitz, 176 F.Supp. 681 (E.D.Pa.1959).

The alternative motion for new trial is, however, granted solely on the ground that the verdict is against the weight of the evidence. There is no merit in the other assigned grounds for new trial, i. e., that there were errors in the charge and that portions of the charge were prejudicial to the defendant. Defendant contends that the instructions improperly withdrew certain issues of fact from the jury, but it is clear from a reading of the charge as a whole that all factual issues were left to the jury. A trial judge may comment upon the evidence and even express opinions thereon provided he makes it clear to the jury that the jury is not bound by such comments and that the jury is the sole judge of the facts. United States v. Stayback, 212 F.2d 313 (3d Cir. 1954), cert. denied, 348 U.S. 911, 75 S.Ct. 289, 99 L.Ed. 714 (1955). This limitation was scrupulously observed.

---

3. Conviction for burglary and larceny sustained where accused's fingerprint was found on a money box removed from a laundry machine and the lock on the meter box containing the money box was burned through with a torch.

4. Complainant's home was entered between 11:45 a. m. and 3:00 p. m. on a certain day. Four fingerprints of defendant were found on two jars which had contained the stolen valuables. Defendant was seen within a mile and a half of the home at 1:00 p. m. on that day. *Held:* Housebreaking conviction set aside because of lack of evidence of unaccessibility of the objects to the defendant during period when prints might have been placed on the objects.