RONALD WAYNE CORRELL, Plaintiff in Error, v.
STATE OF TENNESSEE, Defendant in Error.
—475 S.W.2d 209.

September 29, 1971.

Certiorari Denied by Supreme Court December 20, 1971.

Lyle Burrow, Bristol, for plaintiff in error.

David M. Pack, Attorney General, Thomas E. Fox, Deputy Attorney General, Nashville, Carl K. Kirkpatrick, District Attorney General, Blountville, for defendant in error.

DWYER, J. Ronald Wayne Correll appeals his conviction of burglary in the third degree with judgment pronounced thereon of confinement for not less than three nor more than three years in the State Penitentiary.

The Sportland Poolroom, a business house located in Bristol, was burglarized in the night hours of September 17, 1970. Entry was effected by breaking the lock on the back door. The vending machines were broken into and rifled of cash. From the machines' cannisters (metal containers or trays), which captured the coins inside the machine, fingerprints were obtained. An F.B.I. fingerprint examiner made an identification of two of the fingerprints, which were the thumb and middle finger of Correll, from seventeen latent fingerprints that had been lifted. The proof developed that only the servicemen for the machines had access to these cannisters and that Correll had no legal access to them. The defendant did not testify but offered many witnesses to establish the fact that the keeper of the poolroom had admitted to the burglary or had stated he would admit to it rather than have Correll convicted. There was further proof adduced by the defense that this employee had propositioned many persons to burglarize the place with his assistance.

■ The defendant contends that the evidence does not support the verdict of the jury. In evaluating this assignment we are met with the rule that he is before this court under a presumption of guilt, having lost his presumption of innocence by the jury's verdict, which has been approved by the trial court when he overruled the Motion for New Trial. He has the burden to show that the evidence preponderates against his guilt and in favor of his innocence. See Gann v. State, 214 Tenn. 711, 383 S.W.2d 32.

In this record there is no explanation as to how Correll's fingerprints were placed on the cannisters. There is some indication that on occasion he was allowed to

operate the business when the employee would leave. Neither he nor the employee had authority to enter the cannisters. The only person who had authorized access to the cannisters was the serviceman for the vending machine company. It was his duty to unlock the machines with a key and remove the cannisters and split the profits with the owner of the business house. The F.B.I. examiner identified Correll's fingerprints as being the ones lifted from the cannisters. He testified that never have there been found two fingerprints identical, unless made by the same person and same finger. In Jamison v. State, 209 Tenn. 426, 434, 354 S.W.2d 252, 255, the following may be found:

" ... The courts generally have reached the conclusion that evidence of this kind is infallible because of its conclusiveness."

We conclude that the corpus delicti has been made out by this proof. The business house was burglarized, the machines broken into and the cash taken, with Correll's fingerprints being lifted from the cannisters. It was developed in the proof that he had no authority to enter these machines. We feel there is a sufficiency of the evidence to support the verdict as returned by the jury. He has not carried the required burden in this court under this assignment. The assignment is overruled.

■ The defendant next contends it was error for the trial court to disallow a State witness to relate that another person told him the burglary was committed by some person other than the defendant. This came about when the State's witness (O'Neal) who was driving a cab a few weeks prior to trial, picked up a passenger. This

passenger he named as Fred Austin, who told him he committed the burglary and not Correll. This was developed out of the presence of the jury. The trial court held that what the passenger told the witness was hearsay and not competent. With this ruling of the trial court we agree. The assignment is overruled.

He next contends that the trial court erred in allowing the State to cross examine a witness called by the defense about prior convictions of the defendant, who did not testify. In our view this witness testified as to the good character of the defendant. He then may be asked on cross examination as to specific acts and conduct of the defendant in order to test his accuracy and credibility. See Tucker v. State, 149 Tenn. 98, 257 S.W. 850. The prior convictions and questions pertaining to them would be competent in testing this witness's credibility. The assignment is overruled.

The defendant lastly contends that the court erred in not granting a new trial because of newly discovered evidence, which consisted of an affidavit from Fredrick E. Austin, in which he alleges he and the State witness O'Neal burglarized the poolroom and not the defendant. The State witness O'Neal, who was the employee of the business, attempted to testify that the affiant was a passenger in his cab and admitted to the burglary. This was held to be hearsay and not competent. We observe that at the hearing on the competency of this testimony on cross examination the defense developed the passenger's name as Fred Austin, who is the affiant. In order for this evidence to be newly discovered in order that a new trial should be granted, diligence in its discovery is an essential requisite. See Ross v. State, 130 Tenn. 387, 170 S.W

1026. In this regard it is obvious that the defendant had knowledge of the purported admission of the affiant at the trial. There is no showing of any kind in this record of any exercise in diligence by the defense in having this witness available at the trial. See Hawkins v. State, 220 Tenn. 383, 392, 417 S.W.2d 774. We do not feel the trial court under this state of facts abused its discretion in refusing to grant a new trial on the basis of this purported newly discovered evidence. See Moore v. State, 96 Tenn. 209, 33 S.W. 1046. The assignment is overruled.

The judgment of the trial court is affirmed.

Galbreath, J., did not participate in the decision of this case.

Mitchell, J., concurs.