State v. Killian

---

STATE OF NORTH CAROLINA v. LEROY KILLIAN

No. 7126SC732

(Filed 29 December 1971)

Burglary and Unlawful Breakings § 5; Larceny § 7— sufficiency of evidence

The State's evidence, including fingerprint evidence, was sufficient to be submitted to the jury in a prosecution for breaking and entering and larceny.

APPEAL by defendant from *McLean, Judge,* 26 July 1971 "B" Criminal Session of Superior Court held in MECKLENBURG County.

Defendant was tried upon a bill of indictment, proper in form, charging him with the felonies of breaking and entering with intent to steal, and larceny. The defendant pleaded not guilty.

The evidence for the State tended to show that Mrs. Amelia Grant left her home at 818 Fontana Street in Charlotte closed and locked, with one light burning in the living room, on the night of 6 March 1971 between the hours of 6:00 and 7:00 p.m. When she returned home between 11:00 and 12:00 p.m. that same evening, all of the lights were burning, the front and back doors were open, and a hole had been made in the front picture window. An electric can opener, a record player and other items were missing from her home when she returned.

The defendant, Leroy Killian, had never visited in the home of Mrs. Grant prior to 6 March 1971 and did not have permission on 6 March 1971 to be present in her home. When the investigating officer arrived at the Grant home about 12:30 on the night in question, a partial print of the defendant's left palm was found on the outside and to the left of the broken window. There was also a left thumbprint and the fingerprint of the left middle finger of the defendant taken from a manicure box located inside Mrs. Grant's home.

The jury returned a verdict of guilty as charged of the felony of breaking and entering with intent to steal and not guilty of the felony of larceny.

*Attorney General Morgan and Associate Attorney General Witcover for the State.*

*James J. Caldwell for defendant appellant.*

MALLARD, Chief Judge.

The defendant assigned as error the failure of the trial judge to allow his motion for judgment as of nonsuit and to set aside the verdict. The fingerprint evidence, together with the evidence that the house had been broken into and that some of its contents were missing, and the other circumstances, was sufficient evidence to require submission of this case to the jury. See *State v. Blackmon,* 6 N.C. App. 66, 169 S.E. 2d 472 (1969), and the cases therein cited.

The defendant also assigns as error certain portions of the charge and contends that the trial judge committed error in that he did not instruct the jury properly as to the presumption of innocence, expressed an opinion, did not instruct on circumstantial evidence and failed to charge on a lesser included offense.

We hold that the charge presented the law fairly and clearly to the jury, and that the trial judge did not express an opinion.

The defendant has had a fair trial, free from prejudicial error.

No error.

Judges HEDRICK and GRAHAM concur.