# Richmond

### Tyrone Williams v. Commonwealth of Virginia.

April 24, 1972.

Record No. 7876.

Present, All the Justices.

*William A. Dervishian,* for plaintiff in error.

*Gilbert W. Haith, Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

Gordon, J., delivered the opinion of the court.

Defendant Tyrone Williams stands convicted of breaking and entering the store of Horace Jones, trading as Jones Appliance Center, with intent to steal. The question on this appeal is whether the evidence supported the conviction.

No one identified Williams as a participant in the crime. The only evidence linking Williams to the crime consisted of his fingerprints found on a television set stolen from the showroom of the store on the night of the crime. The prints were found at the bottom of the set on a ledge or molding around the screen.

Williams testified that one or two days before the crime was committed, he went into the store during business hours because he was interested in buying a television set. He said that while in the store, he "checked the weight" of several sets, but did not buy any of them because they were too heavy. The proprietor thought that he had

seen Williams in the store at some indeterminate time before the crime was committed.

In *Avent* v. *Commonwealth*, 209 Va. 474, 164 S.E.2d 655 (1968), we held the defendant's fingerprints sufficient to support a conviction of burglary of a storehouse. But in that case the prints were found on a window that was not readily accessible to the public, which was broken to gain access to the storehouse. The bottom casement of the window was seven feet above the street, and the window was not in a place that was open to the public or where the defendant had legitimate reason to be—facts that were emphasized in the opinion.

In this case, proof of fingerprints on a television set that had been displayed in a showroom does not .exclude a reasonable hypothesis that the prints were left at a time other than the time when the crime was committed. Since the evidence fails to exclude a reasonable hypothesis of innocence, it is insufficient to support the conviction.

*Reversed and remanded.*