Commonwealth *v.* Cichy, Appellant.

Argued December 11, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent).

Before HEIMBACH, P. J.

*Thomas S. McCready,* Public Defender, for appellant.

*James A. Wimmer,* Assistant District Attorney, with him *John Deutsch,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., April 3, 1974:

This is an appeal from a judgment of sentence for burglary and larceny. The only question is whether the Commonwealth presented sufficient evidence to sustain a conviction on the crimes charged.

On the evening of March 28, 1972, a burglary occurred at a gasoline service station in Weatherly, Pennsylvania. On the following morning, the owners arrived and discovered that tools and other articles were missing. Entry had been made through a boarded window. A cigarette machine was partially pried open. After the police arrived, an investigator "lifted" several fingerprints from various objects in the building, including one from the cellophane wrapper on a package of Marlboro cigarettes found on the floor. All of the prints, excepting the one on the cellophane, were smudged and could not be compared. The police expert identified the print on the package as appellant's. Entirely on the basis of this evidence, appellant was convicted of the burglary and larceny of the gas station. After the denial of his motion in arrest of judgment, appellant was sentenced to a term of one and one-half to three years imprisonment.

"The rule is well established that, in passing upon the sufficiency of the evidence to sustain a criminal conviction, the evidence must be read in a light most favorable to the Commonwealth, and it is entitled to the benefit of all reasonable inferences arising therefrom." *Commonwealth v. Johnston,* 438 Pa. 485, 488, 263 A. 2d 376 (1970). "Although the Commonwealth does not have to establish guilt to a mathematical certainty, and may in a proper case rely wholly on circumstantial evidence, the conviction must be based on more

than mere suspicion or conjecture." *Commonwealth v. Bailey,* 448 Pa. 224, 227, 292 A. 2d 345 (1972). Applying this test to the instant case, we do not believe that appellant's conviction can be sustained on the basis of the presence of his fingerprint on the cigarette package.

Although we recognize the accuracy of fingerprint evidence for purposes of identification, the probative value of that evidence depends entirely on the circumstances of each case. Unless those circumstances are such that the fingerprint could only have been impressed at the time and place the crime was committed, such evidence is insufficient to sustain a conviction.

Convictions have been sustained where fresh fingerprints are found at the place of illegal entry to private burglarized premises where a defendant's presence is unexplained. See: *McCargo v. State,* 3 Md. App. 646, 241 A. 2d 161 (1968); *United States v. Butler,* 390 F. 2d 620 (4th Cir. 1968); *People v. Taylor,* 32 Ill. 2d 165, 204 N.E. 2d 734 (1965); *State v. Pittman,* 10 N.C. App. 508, 179 S.E. 2d 198 (1971); *State v. Allen,* 420 S.W. 2d 330 (Mo. App. 1967); see, generally, Annotation, 28 A.L.R. 2d 1115. However, the mere discovery of prints in a public place with which a number of people may have had innocent contact is insufficient by itself to convict. *State v. Minton,* 228 N.C. 518, 46 S.E. 2d 296 (1948); *Anthony v. State,* 85 Ga. App. 119, 68 S.E. 2d 150 (1951); McClain v. State, 198 Miss. 831, 24 So. 2d 15 (1945); *Graves v. State,* 119 Tex. Crim. App. 68, 43 S.W. 2d 953 (1931).

Similarly, where the prints are found in a place accessible only by the application of force or on objects with which the defendant could not have had legitimate contact, that evidence has been held sufficient. *United States ex rel. Chiarello v. Mancusi,* 288 F. Supp. 178 (D.C.N.Y. 1968) (defendant's fingerprint on inner casing of cigarette machine to which only vending machine

serviceman had access); *State v. McGriff,* 7 Ariz. App. 498, 441 P. 2d 264 (1968) (print on inner mechanism of public telephone which had been opened by force); *United States v. Jones,* 433 F. 2d 1107 (D.C. Cir. 1970) (prints on coin box from forcibly opened laundry machine); *State v. Killian,* 13 N.C. App. 340, 185 S.E. 2d 452 (1971) (prints on manicure box in burglarized home); *Correll v. State,* 475 S.W. 2d 209 (Tenn. 1971) (prints on vending machine cannister); *Silva v. People,* 459 P. 2d 285 (Colo. 1969) (prints on coinbox from cigarette machine).

However, if the prints are discovered on an object that is readily *movable* and *in common usage,* the possibility of innocent contact is too great to sustain a conviction on that evidence alone. *United States v. Collon,* 426 F. 2d 939 (6th Cir. 1970) (prints found on map in getaway car); *United States v. Corso,* 439 F. 2d 956 (4th Cir. 1971) (prints on matchbook cover used to jam lock for burglary).

If the Commonwealth's expert can establish that the prints were impressed at or about the time the crime was committed or other circumstances indicate impression at that time, and the defendant's innocent presence is excluded, such evidence has been held sufficient to convict. *Miller v. State,* 122 Ga. App. 553, 177 S.E. 2d 838 (1970); *Hervey v. People,* 495 P. 2d 204 (Colo. 1972); *Hack v. Commonwealth,* 433 S.W. 2d 877 (Ky. App. 1968); *Hannah v. State,* 3 Md. App. 325, 239 A. 2d 124 (1968). On the other hand, the evidence loses all probative value if the time of impression is not reasonably limited to the time of the crime, and the prints found in a generally accessible location. *United States v. Nazarok,* 330 F. Supp. 1054 (E.D. Pa. 1971); *Wilkerson v. State,* 232 So. 2d 217 (Fla. App. 1970); *Williams v. Commonwealth,* 212 Va. 818, 188 S.E. 2d 79 (1972).

The record discloses that appellant and a friend visited the station on at least one occasion before the date of the burglary.[1] No prints were found near the point of entry or on the cigarette machine. There was no evidence that any cigarettes were taken from the machine, that there were Marlboro cigarettes in it, or that the particular package was in the machine. In addition, the owners discovered the package on the floor lodged between the machine and the wall and neither could state that it was not there prior to the burglary. The Commonwealth's expert did not offer an opinion as to when the print was impressed.

On these facts, we conclude that the Commonwealth failed to establish appellant's guilt beyond a reasonable doubt. The discovery of the print on a movable object in a public place was insufficient to establish his presence at the scene of the crime at the time it was committed.

Judgment of sentence reversed and appellant discharged.

---

DISSENTING OPINION BY JACOBS, J.:

Appellant's fingerprint was identified on a package of cigarettes which was found on the floor of a burglarized gas station. The package was lodged between a cigarette-vending machine, which had been partially pried open, and the wall of the building. I agree with the majority that this evidence alone would not be sufficient to convict appellant of the burglary unless there were other circumstances tending to reasonably exclude the hypothesis that the print was impressed at a time

---

[1] Appellant testified that he often travelled in Weatherly and stopped at various service stations to purchase gasoline and cigarettes. Although he did not specifically recall stopping at this station, he did testify that he may have stopped at this station without knowing its name.

other than that of the crime. *See McCargo v. State*, 3 Md. App. 646, 241 A.2d 161 (1968), *cert. denied*, 394 U.S. 1008 (1969). However, 5 months after the break-in, appellant stated that he had never been in the building nor knew where it was. Later, at trial, the defense offered evidence through a witness that prior to the burglary appellant and the witness had stopped at the station and appellant had entered the building. This testimony was obviously offered to suggest to the jury that appellant may have lost the package of cigarettes at that time. The jury was free to disbelieve this testimony.

In reviewing the evidence in the light most favorable to the Commonwealth, who was the verdict winner, *Commonwealth v. Whiting*, 409 Pa. 492, 187 A.2d 563 (1963), the following is apparent: Appellant's fingerprint was lifted from an article found in a suspicious area of a burglarized building; when confronted with the crime appellant replied that he had never been in the building nor knew where it was; but at trial the explanation was offered that the cigarette package was probably lost by appellant when he was in the gas station at a time prior to the crime.

In conclusion, there was, before the jury, not only evidence placing appellant at the scene of the crime but also evidence of an attempt by the appellant to divert suspicion from himself. Our Supreme Court has said that "prior false or contradictory or conflicting statements by the accused are admissible since the jury may infer therefrom that they were made with an intent to divert suspicion or to mislead the police or other authorities, or to establish an alibi or innocence, and hence are indicatory of guilt." *Commonwealth v. Gockley*, 411 Pa. 437, 453, 192 A.2d 693, 701 (1963) (footnote omitted).

Although the evidence against appellant was completely circumstantial, it did not have to be of such

quality as to exclude every other reasonable possibility except that of guilt. *Commonwealth v. Carey*, 368 Pa. 157, 82 A.2d 240 (1951). In my opinion there was sufficient evidence to support appellant's conviction.

WATKINS, P. J., joins in this dissenting opinion.