COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Malveaux and Senior Judge Annunziata
Argued at Norfolk, Virginia

CHAISE COLWELL DARLEY

v.      Record No. 1315-17-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE ROBERT J. HUMPHREYS
SEPTEMBER 25, 2018

FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Timothy S. Wright, Judge

Erik A. Mussoni, Assistant Public Defender, for appellant.

Brittany Dunn-Pirio, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

On August 10, 2017, following a bench trial, the Circuit Court of the City of Chesapeake

(the "circuit court") found appellant Chaise Colwell Darley ("Darley") guilty of petit larceny.

By final order entered on August 18, 2017, Darley was ordered to pay $135 in restitution and

was sentenced to eight months of active incarceration. Darley appeals and argues that the circuit

court erred in denying his renewed motion to strike and finding him guilty.

I. BACKGROUND

The evidence is that on June 5, 2015, Mohamed Azeddagh ("Azeddagh") arranged for

Darley to perform maintenance work on the air conditioning unit in Azeddagh's house.

Specifically, Azeddagh and Darley agreed that Darley would install a new air conditioning

compressor.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On June 7, 2015, Azeddagh left the back door of his house unlocked so that Darley could perform the agreed upon maintenance work. Azeddagh left his house around 7:00 p.m. with his entire family and did not return until around 10:30 p.m. Darley texted Azeddagh when he arrived at the house and when he left.[1]

Installing a new compressor required Darley to access the thermostat, which was located in the hallway between the kitchen and master bedroom. However, Azeddagh did not give Darley permission to enter the master bedroom. Further, the master bedroom did not contain a thermostat. During a previous visit, Azeddagh gave Darley permission to enter the master bedroom to check an air vent, but Azeddagh was present at that time. Azeddagh testified that during Darley's previous visit, he did not witness Darley "go into" the dresser at any time and that Darley only "put his stuff on top of the dresser."

When Azeddagh returned home with his family, Azeddagh's wife discovered that some of their personal belongings were moved or missing. Azeddagh testified that he found his wife's jewelry box, which was previously stored inside of the dresser, moved to the top of the dresser. Azeddagh explained that his wife told him that the jewelry box contained $400 in cash, which was now missing.[2] Azeddagh also testified that a watch box, which was stored in the same dresser drawer as the jewelry box, was found on top of the sink in the bathroom. Azeddagh testified that he was unable to locate the watch that was located in the watch box after returning home. According to Azeddagh, the watch was worth approximately $119.99. In addition to the cash and watch, two phones collectively worth $75 were missing. Finally, Azeddagh testified

---

[1] The record does not indicate at what time Darley sent these texts to Azeddagh.

[2] Azeddagh's wife did not testify. Azeddagh testified that he gave his wife the cash to pay the credit card bill two or three days before the incident. As noted by the circuit court, however, Azeddagh never testified that he saw the cash in the dresser or jewelry box.

that two DVD players collectively worth $30 were missing from the house.[3]  Later that night, Azeddagh contacted Darley and asked Darley to "bring the stuff back."  Darley, however, denied taking anything from Azeddagh's house.

Officers from the Chesapeake Police Department photographed the master bedroom and bathroom, and processed the area for evidence.  Officers were able to obtain three fingerprints from the watch box, as well as Darley's fingerprints on a later date.  A subsequent examination of the fingerprints from the watch box matched Darley's left thumb print.

On June 6, 2017, Darley was indicted for felony grand larceny, in violation of Code § 18.2-95.  On August 10, 2017, a bench trial was held.  At the conclusion of the Commonwealth's case, Darley moved to strike the Commonwealth's evidence on the felony charge.  The circuit court granted Darley's motion because there was no evidence placing the missing cash in the jewelry box or the missing watch in the watch box the day of the incident.  Specifically, the circuit court noted that

> [Azeddagh] gave [the watch] to [his wife] never expecting to see it again quite obviously from his testimony, and it's a little bit troublesome—there's no evidence . . . with regard to the watch being in the box, whether it was in the box that day or a week prior or three months prior, but there's no evidence placing the watch in the box at the time this all occurred.  There's no evidence with regard to the cash being in the box at the time this occurred.

Thereafter, the circuit court moved forward with petit larceny, a misdemeanor and lesser-included offense.

Darley did not present any evidence and renewed his motion to strike.  Following closing arguments, the circuit court found Darley guilty of petit larceny.  This appeal follows.

---

[3] Other than Azeddagh's testimony, the Commonwealth offered no evidence regarding the value of the missing watch, phones, and DVD players.

## II. ANALYSIS

### A. Standard of Review

"Under well-settled principles of appellate review, we consider the evidence presented at trial in the light most favorable to the Commonwealth, the prevailing party below." Camp v. Commonwealth, 68 Va. App. 694, 698, 813 S.E.2d 10, 12 (2018) (quoting Smallwood v. Commonwealth, 278 Va. 625, 629, 688 S.E.2d 154, 156 (2009)). "This principle requires us to 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.'" Id. (quoting Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980)). When considering the sufficiency of the evidence on appeal, the trial court's judgment will not be disturbed unless it is "plainly wrong or without evidence to support it." Christian v. Commonwealth, 59 Va. App. 603, 608, 721 S.E.2d 809, 811 (2012) (quoting Code § 8.01-680).

To establish a defendant's criminal agency, the general rule is that fingerprint evidence "must be coupled with evidence of other circumstances tending to reasonably exclude the hypothesis that the print was impressed at a time other than that of the crime." Tyler v. Commonwealth, 22 Va. App. 480, 482, 471 S.E.2d 772, 773-74 (1996) (quoting Avent v. Commonwealth, 209 Va. 474, 479, 164 S.E.2d 655, 659 (1968)) (quotations omitted). But, "[w]hile a factfinder may 'draw reasonable inferences from basic facts to ultimate facts,' the inferences cannot become so attenuated that they push into the realm of *non sequitur*." Jin v. Commonwealth, 67 Va. App. 294, 309, 795 S.E.2d 918, 926 (2017) (quoting Bowman v. Commonwealth, 290 Va. 492, 500, 777 S.E.2d 851, 857 (2015)) (quotations omitted).

### B. Darley's renewed motion to strike

Darley argues that the circuit court erred in denying his renewed motion to strike because the evidence only proved that Darley had the *opportunity* to commit a crime inside the Azeddagh

household. According to Darley, the only evidence suggesting that he took the missing items "is that he had been present in Mr. Azeddagh's house that night and his fingerprint was found on the watch box."

In support of his assignment of error, Darley first notes that he had permission to enter the Azeddagh household the night of June 7, 2015. Darley argues that, at most, this proves that "he was present at some point the night items were stolen." Also, based on the evidence before the circuit court, Darley emphasizes that "Mr. Azeddagh left his house unattended for three and a half hours with the door unlocked" and that, during that time, "anyone could have had access to the home." Darley argues that this evidence was insufficient to prove larceny beyond a reasonable doubt.

Based on the evidence before the circuit court, Darley also argues that the Commonwealth failed to exclude all reasonable hypotheses of innocence. Darley concedes that his fingerprint was found on the watch box. However, Darley notes that the circuit court found him not guilty of stealing the watch because Azeddagh testified that he could not remember seeing the watch after giving it to his wife several months earlier and because Azeddagh's wife did not testify. According to Darley, "[h]is fingerprint could just as easily have transferred on one of those occasions . . . [he] moved items around or reached for his tools."

As correctly stated by Darley, "[p]resence in the area of a crime is sufficient to prove opportunity, but, standing alone, it is insufficient to prove guilt and creates nothing more than a suspicion that the accused is guilty of the crime charged." Sutphin v. Commonwealth, 1 Va. App. 241, 248, 337 S.E.2d 897, 900 (1985) (citing Duncan v. Commonwealth, 218 Va. 545, 547, 238 S.E.2d 807, 808 (1977)). "[M]ere opportunity to commit an offense raises only 'the suspicion that the defendant may have been the guilty agent; and suspicion is never enough to

- 5 -

sustain a conviction.'" Christian v. Commonwealth, 221 Va. 1078, 1082, 277 S.E.2d 205, 208 (1981) (citation omitted).

Taken in the light most favorable to the Commonwealth, the evidence only demonstrates that Darley had the opportunity to take the now missing items from the Azeddagh household. The evidence is clear that on the night of June 7, 2015, Azeddagh left the back door of his home unlocked for approximately three and a half hours. At some time not reflected in the record, Darley arrived at the Azeddagh household to complete the previously agreed upon air conditioning work. The evidence, however, does not establish that Darley was at the residence the entire time that Azeddagh and his family were absent. Similarly, while there was no evidence that anyone other than Darley was in the house during that time period in question, the evidence does not exclude that possibility. Therefore, the evidence in the record before us does not eliminate the reasonable hypothesis that a third person entered the unlocked house and stole the missing items before or after Darley installed the new air conditioning compressor.

The evidence also suggests an alternative explanation for Darley's fingerprint on the watch box. Azeddagh testified that Darley had been in the master bedroom on a previous occasion to check an air vent. According to Azeddagh, Darley placed his tools on top of the dresser. And, while Azeddagh initially testified that the watch box had been in a drawer, he acknowledged on cross-examination that the watch box could have been on top of the dresser. Therefore, it is reasonable that Darley handled the watch box on that occasion, which resulted in his fingerprint being transferred at that time. See Granger v. Commonwealth, 20 Va. App. 576, 577, 459 S.E.2d 106, 106 (1995) (finding that evidence of the defendant's fingerprint on broken bottle of liquor used to strike the victims "[did] not exclude the hypothesis that [the defendant] may have handled the bottle for an innocent purpose before the robbery"); see also Williams v. Commonwealth, 212 Va. 818, 819, 188 S.E.2d 79, 80 (1972) (finding that "proof of fingerprints

on a television set that had been displayed in a showroom" and accessible to the public failed to "exclude a reasonable hypothesis that the prints were left at a time other than the time when the crime was committed").

To summarize, in the absence of speculation, the evidence was insufficient to convict Darley of petit larceny because the fingerprint evidence was not "coupled with evidence of other circumstances tending to reasonably exclude the hypothesis that the print was impressed at a time other than that of the crime." Avent, 209 Va. at 479, 164 S.E.2d at 659. Therefore, we conclude that the circuit court erred in failing to strike the evidence of petit larceny.

## III. CONCLUSION

Since the evidence fails to exclude a reasonable hypothesis of innocence, it is insufficient to support Darley's conviction. His conviction, therefore, is reversed and the indictment dismissed.

Reversed and dismissed.