374 A.2d 1274

**COMMONWEALTH of Pennsylvania**

**v.**

**James TAYLOR, Appellant.**

Supreme Court of Pennsylvania.

Argued Sept. 21, 1976.

Decided July 8, 1977.

See also Sup., 374 A.2d 1277.

John J. Dean, John R. Cook, Pittsburgh, for appellant.

Robert E. Colville, Dist. Atty., Robert L. Eberhardt, Louis R. Paulick, Asst. Dist. Attys., Charles W. Johns, Pittsburgh, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY and MANDERINO, JJ.

## OPINION OF THE COURT

POMEROY, Justice.

■ Appellant was convicted in a jury trial of murder in the first degree. Postverdict motions were denied, and the trial court imposed a sentence of life imprisonment. In this appeal from judgment of sentence, Taylor principally assigns as error an order of the lower court granting the Commonwealth's application to extend commencement of trial beyond the 180 day period mandated by Rule 1100 of the Pennsylvania Rules of Criminal

402

Procedure.[1] For the reasons set forth below, we conclude that appellant has waived his right to object to the order; we therefore affirm.[2]

The complaint charging Taylor with murder was filed on February 14, 1975. By the terms of Rule 1100(a)(2), therefore, Taylor was entitled to be brought to trial no later than August, 13, 1975. On July 25, 1975, however, the attorney for the Commonwealth petitioned the trial court for an order extending the time within which trial could be commenced.[3] The petition and a proposed order of court were served on defense counsel at about two o'clock on the preceding afternoon, July 24, together with a written notice that the matter would be brought on for hearing at 9:30 o'clock the following morning. When the attorney for the defendant did not appear for the hearing on July 25, the Commonwealth proceeded ex parte. At the conclusion of the district attorney's presentation

1. "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed." Pa.R.Crim.P. 1100(a)(2).

2. Appellant also contends that the judgment against him should be arrested because the evidence adduced at trial was insufficient to sustain his murder conviction, and alternatively, that he should be granted a new trial because the trial court erred in denying a motion to suppress as involuntary an oral confession Taylor made to the police following arrest. We have reviewed the record as required by law, see Act of February 15, 1870, P.L. 15, § 2, 19 P. S. § 1187, and are satisfied that the evidence was sufficient to convict Taylor of murder in the first degree. We are likewise of opinion that the trial court committed no error of law in refusing to suppress appellant's confession.

3. Section (c) provides:
"At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced."

the hearing judge entered an order extending the time for trial to not later than October 20, 1975.[4]

On September 29, 1975, Taylor filed a motion to dismiss charges against him on Rule 1100 grounds; after argument, the motion was denied.[5] Trial began on October 14, 1975, and a verdict of guilty of murder in the first degree was returned on October 16, 1975. The judgment of life imprisonment followed.

Appellant now urges that the trial court erred in granting the Commonwealth's application to extend the time for commencement of trial since the grounds advanced in the application do not sustain a finding that trial could not have been "commenced within the prescribed period despite due diligence by the Commonwealth". Pa.R.Crim.P. 1100(c), *supra.* See *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976); *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976).[6] We do not reach the merits of this argument,

---

4. At the time of the July 25 hearing, Taylor was incarcerated outside of Allegheny County on an unrelated conviction, and was not brought to court. He does not contend in this appeal (although he did so argue as a reason for his later-filed application for dismissal of charges) that his own presence was required at the hearing. See *Commonwealth v. Hoss*, 445 Pa. 98, 283 A.2d 58 (1971); *Commonwealth v. Scoleri*, 399 Pa. 110, 160 A.2d 215, *cert. denied*, 364 U.S. 849, 81 S.Ct. 93, 5 L.Ed.2d 72 (1960); Pa.R.Crim. P. 1117. We note that at the hearing on July 25 the Commonwealth did not offer the testimony of any witnesses, and the appellant does not assert that he would have introduced any evidence had he been present in person. See *Hoss, supra.*

5. It appears from the record that on August 14, 1975, one day after the expiration of the 180 day period prescribed by Rule 1100(a)(2), Taylor himself filed a motion to dismiss the charges. Denial of that motion, as well as the counselled September 29 motion, was made by court order entered on October 14, 1975.

6. The reasons for extension stated in the Commonwealth's application were (1) that the scheduling of trial was complicated by the death of the assigned trial judge some two months prior to the termination of the 180 day period; (2) that the prosecution's intention to try one Eugene Spruill along with Taylor necessitated a delay pending completion of Spruill's trial on another charge; and (3) that jury trials are not conducted in the Court of Common Pleas of Allegheny County during the month of August.

however, for we find that appellant had forgone his right to contest the extension order.

■ A defendant who is represented by legal counsel cannot be heard to complain of a Rule 1100(c) extension order where his lawyer has had adequate notice [7] of the Commonwealth's timely filed application, see, *e. g., Commonwealth v. Woods,* 461 Pa. 255, 336 A.2d 273 (1975), and of the intended presentation thereof to the court and does not appear at the time and place of hearing or otherwise communicate with the trial court either to oppose the extension or to request a reasonable continuance of the hearing for good cause shown.[8] It matters not whether the failure of the defense to oppose the Commonwealth's application is because of agreement that the averments in the application entitle the Commonwealth

---

**7.** Appellant maintains that the notice which was given of the July 25 hearing afforded insufficient time (less than twenty-four hours) to prepare an adequate response. Beyond this general assertion, Taylor does not specify how counsel was hindered in representing him. Cf. *Commonwealth v. Hill,* 450 Pa. 477, 481, 301 A.2d 587, 590 (1973) ("shortness of time per se in the preparation of a defense does not constitute ineffective assistance [of counsel]").

It is of course true that notice of intention to apply to a court for a particular form of relief can be so short as to be no effective notice at all, and that *ex parte* action pursuant thereto would arguably amount to a denial of procedural due process. Such was not the situation in the case at bar. Here, as not infrequently happens, the entitlement of the Commonwealth to an extension of time under Pa.R.Crim.P. 1100(c), required the making of legal argument from facts not in dispute, thus minimizing the necessity for extensive preparation. If, however, appellant's attorney thought otherwise, it was incumbent upon him to move the hearing court for a continuance to give him more time to prepare.

**8.** On September 30, Taylor added a "supplement" to his petition to dismiss, filed the previous day, in which he sought, *inter alia,* a rehearing on the Commonwealth's application for extension. In this request, which came nine weeks after the July 25 hearing and seven weeks after the running of the prescribed 180 day period, no explanation was proffered for counsel's non-appearance at the scheduled hearing. At the subsequent oral argument on the petition to dismiss it was stated in general terms that one day's notice was insufficient. See note 7, *supra.* We do not consider the trial court's denial of this motion to have been an abuse of discretion.

to the requested extension of time, or whether the defendant for reasons of his own, is willing to acquiesce in the extension. Whatever the reason for the course of conduct, such a defendant must be deemed to have consented to the extension.[9] See generally, *Commonwealth v. Myrick*, 468 Pa. 155, 360 A.2d 598 (1976); *Commonwealth v. Dever*, 243 Pa.Super. 87, 364 A.2d 463 (1976); *Commonwealth v. Hickson*, 235 Pa.Super. 496, 344 A.2d 617 (1975). As was observed by Judge Zeigler, writing for the trial court in disposing of post-verdict motions, "a defendant, who is represented by counsel, cannot intentionally avoid the orderly procedure of the court, and then assail its impact." (Opinion of the Court at 6.)

Judgment of sentence affirmed.

JONES, former C. J., did not participate in the decision of this case.

NIX, J., did not participate in the consideration or decision of this case.

9. This is not to say that the defendant had waived all right to a Rule 1100 discharge, compare *Commonwealth v. Perkins*, 473 Pa. 116, 373 A.2d 1076 (1977); *Commonwealth v. Lamonna*, 473 Pa. 248, 373 A.2d 1355 (1977), for that relief would still have been available had trial not been commenced within the time specified in the extension order.