389 A.2d 581

**COMMONWEALTH of Pennsylvania**

**v.**

**Frank WAREHAM, Appellant.**

Superior Court of Pennsylvania.

Submitted June 23, 1977.

Decided July 12, 1978.

Calvin S. Drayer, Jr., Assistant Public Defender, Norristown, for appellant.

Ross Weiss, First Assistant District Attorney, Elkins Park, and William T. Nicholas, District Attorney, Norristown, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, President Judge:

Appellant Frank Wareham was found guilty on two counts of two indictments alleging violations of the Controlled Substance, Drug, Device and Cosmetic Act. The Act of April 14, 1972, P.L. 233, No. 64, § 13, *as amended by* Act of Oct. 26, 1972, P.L. 1048, No. 263, § 1, and Act of Dec. 30, 1974, P.L. 1041, No. 340, § 1, 35 P.S. § 780–113(a)(30). He brings this appeal alleging errors pursuant to Pa.R.Crim.P. 1100 on each indictment. Because of an inadequate record, we are precluded from reaching the merits of the issues raised on either indictment number 5657 or 5659. Accordingly, we vacate the judgment of sentence on both counts and remand the case for proceedings consistent with this opinion.

As the lower court, per TREDINNICK, J., stated, "Procedurally, the Rule 1100 issue as finally adjudicated in each case, came before the court in an unusual fashion." Lower court opinion at 3. On October 2, 1975, two written complaints were filed against appellant charging him with violations of the Controlled Substance Act. Barring any extensions or exclusions, the Commonwealth was required to bring appellant to trial no later than March 30, 1976. Pa.R. Crim.P. 1100(a)(2).[1] On March 16, 1976, the Commonwealth

---

1. There is wide disagreement between the parties concerning days to be excluded from the computation of the 180 day period. The Commonwealth contends that due to the unavailability of appellant between October 2 and November 21, the period should be extended by 50 days. Pa.R.Crim.P. 1100(d)(1). The appellant argues that because of the Commonwealth's lack of due diligence in locating him, the Commonwealth is entitled to an extension of two days, at most. Because of our disposition of this case, we need not resolve this dispute.

filed a petition requesting an extension of time for commencement of trial on both counts. On March 26, 1976, the court, per LOWE, J., entered an order extending the period for commencing trial on *number 5659* until June 25, 1976. On April 6, 1976, the court, per TREDINNICK, J., entered an order denying an extension on *number 5657*; it is unclear whether the court also ordered the appellant discharged on this count. Subsequently, appellant filed a motion to vacate the Commonwealth's petition to extend time in number 5659 and the Commonwealth filed a motion to reopen the hearing on its petition to extend in number 5657. After a hearing, Judge TREDINNICK, on May 28, 1976, granted the Commonwealth's request for extension on both numbers 5657 and 5659.[2]

First, we consider appellant's appeal concerning indictment number 5657. Appellant asserts in his brief that on April 6, 1976, Judge TREDINNICK denied the Commonwealth's petition to extend and dismissed the charges against him with prejudice. In its brief, the Commonwealth states that the Judge denied the petition to extend, but does not mention discharge of the appellant. In his May 28, 1976 order, Judge TREDINNICK referred to his decision of April 6, in which he "den[ied] the petition of the Commonwealth to extend time under Rule 1100, and dismiss[ed] the charges against defendant, . . . ." In a written opinion filed on November 19, 1976, however, Judge TREDINNICK stated that on April 6, 1976, he denied the Commonwealth's petition to extend; he did not speak to the issue of discharge.

Generally, we would be able to resolve this morass by referring to the record. Here, however, the record is so incomplete that it is of no help. The Commonwealth's petition requesting an extension on indictment number 5657 is not a part of the record. Also missing is any response to the petition by appellant; we do not know if appellant

2. Appellant then waived his right to trial by jury. He was found guilty, on June 1, 1976 by Judge TREDINNICK, of two violations of the Controlled Substance Act and was sentenced to two concurrent prison terms of one year to three years.

responded or, if he did, whether he filed a petition in opposition to the Commonwealth's petition or a Rule 1100(f) petition requesting discharge. Finally, there is no record of the court's April 6 order so we do not know if the court merely denied the Commonwealth's petition to extend or also discharged the appellant. Therefore, we reverse the judgment of sentence as to number 5657 and remand the case for further proceedings.

On remand, the court must determine what occurred in relation to the April 6 order. If the court denied the Commonwealth's petition to extend *and* discharged appellant, appellant must be discharged on indictment number 5657. In such a situation, the discharge of appellant would have been a final order, and the Commonwealth's only source of relief would have been to have taken a direct appeal to this Court or to have obtained an order granting reconsideration of the issue in the lower court within thirty days of the April 6 order. *Commonwealth v. Andrews*, 251 Pa.Super. 162, 164, 380 A.2d 428, 429 (1977); the Act of July 31, 1970, P.L. 673, No. 233, art. V, § 502, 17 P.S. § 211.502(a); Pa.R.A.P. 1701(b)(3). The Commonwealth took neither of these actions. Instead, it filed an untimely petition to reopen the hearing in its original extension motion. That petition could not extend the thirty day appeal period. Any such appeal would not be timely now and the proper disposition on number 5657 would be to discharge appellant.

A far different situation will be presented if, on remand, the court determines that on April 6, 1976, Judge TREDINNICK denied the Commonwealth's petition to extend but did *not* dismiss appellant. In such a case, giving the Commonwealth the benefit of the doubt and excluding fifty days from the Rule 1100 computation, appellant should have been brought to trial no later than May 19. The Commonwealth did not move to reopen the hearing on its extension petition until May 27. Time for commencing trial on number 5657 had expired by the time trial began on May 28, 1976, and upon proper motion, appellant should have been discharged. Again, however, the record is incomplete.

It contains no response by appellant to the Commonwealth's petition to reopen the extension proceedings, nor does it contain a written Rule 1100(f) petition. If appellant had not been discharged on April 6, and he neither opposed the Commonwealth's May 27 motion to reopen the hearing on its extension petition nor filed a written petition requesting dismissal before trial began on May 28, he waived his right to raise the speedy trial issue on appeal and the judgment of sentence must be affirmed. *Commonwealth v. Coleman*, 477 Pa. 400, 407, 383 A.2d 1268, 1272 (1978); *Commonwealth v. Lamonna*, 473 Pa. 248, 254, 373 A.2d 1355, 1358 (1977); *Commonwealth v. Lewis*, 253 Pa.Super. 442, 443, 385 A.2d 420, 421 (1978). Of course, if appellant did file a Rule 1100(f) petition before trial began on May 28, it should have been granted and he should now be discharged.

The issue raised as to number 5659 is similarly complicated. The Commonwealth's petition to extend was filed on March 16, 1976, and was granted on March 26, 1976.[3] Both the lower court's order and the Commonwealth's brief indicate that neither appellant nor his attorney was present at the time set for the hearing on the Commonwealth's petition. Furthermore, the record in this case does not indicate that appellant filed an answer to the petition.

■ Normally, we would hold that appellant has waived his right to contest the court ordered extension by his failure to appear at the hearing and contest the petition and we would affirm Judge TREDINNICK'S May 28 order on the basis of that waiver. *Commonwealth v. Wallace*, 475 Pa. 27, 379 A.2d 558 (1977); *Commonwealth v. Lamonna*, 473 Pa. 248, 373 A.2d 1355 (1977). Here, however, we are bothered by a totally inadequate record and we find this case to be distinguishable from other Rule 1100 waiver cases.

■ In *Commonwealth v. Myrick*, our Supreme Court discussed the proof needed to support a valid waiver of Rule 1100. 468 Pa. 155, 360 A.2d 598 (1976). The Court there

3. On April 27, 1976, appellant filed a petition to vacate the extension granted on March 26, 1976 and to dismiss indictment number 5659. The petition was denied and trial commenced on May 28, 1976.

found that a waiver which would be adequate to waive a constitutional right—e. g., a recorded colloquy or a dated, written, signed waiver—would also be adequate to waive Rule 1100. *Id.*, 469 Pa. at 160–61, 360 A.2d at 600. Because Rule 1100 is a rule of criminal procedure and not a constitutional requirement, procedures less than those noted above may be adequate to assure a valid waiver of the Rule. The *Myrick* Court did not discuss such lesser standards which might apply in the case before us now.

In *Commonwealth v. Taylor*, the Supreme Court held a Rule 1100 waiver to be valid, but in that case, unlike here, there was an indication that defense counsel had been served with the Commonwealth's petition to extend and written notice of the scheduled hearing. 473 Pa. 400, 374 A.2d 1274 (1977). Furthermore, although neither the defendant nor his counsel appeared at the appointed time, the Court conducted an *ex parte* hearing at which the Commonwealth presented evidence in support of its motion to extend. In finding waiver, the Court said

A defendant who is represented by legal counsel cannot be heard to complain of a Rule 1100(c) extension order where his lawyer has had adequate notice of the Commonwealth's timely filed application, . . . and of the intended presentation thereof to the court and does not appear at the time and place of hearing or otherwise communicate with the trial court either to oppose the extension or to request a reasonable continuance of the hearing for good cause shown. [Footnotes omitted.]

*Id.*, 473 Pa. at 404, 374 A.2d at 1276.

Finally, this Court found that the defendant in *Commonwealth v. Burton* waived the right to challenge a Rule 1100 extension on appeal where the defendant, at the hearing, offered no evidence or argument against the Commonwealth's petition to extend and filed no Rule 1100(f) petition to discharge. 246 Pa.Super. 498, 371 A.2d 946 (1977).

In the case before us, neither appellant nor his counsel appeared in court to challenge the Commonwealth's petition on the day it was heard. We have no indication on the

record, however, that appellant was ever notified that the petition was filed or the hearing scheduled.[4]  There simply is no proof, formal or informal, that appellant was aware of these proceedings and that he knowingly and voluntarily waived his right to challenge the Commonwealth's petition. We are also disturbed because there is nothing in the record to indicate that the court conducted an *ex parte* hearing on the Commonwealth's petition or that the Commonwealth presented evidence in support of its petition.  Finally, the lower court's order merely granted the Commonwealth's petition without setting forth any specific bases for doing so.

█  We recognize that if appellant is found to have had notice of the petition to extend and an opportunity to contest the petition at the hearing, he will have waived his right to challenge the hearing procedure or the court's order. Nevertheless, we indicated in the past the desirability of having Rule 1100 proceedings transcribed and placed on the record.  *Commonwealth v. Gibson*, 248 Pa.Super. 348, 375 A.2d 132 (1977); *Commonwealth v. Tome*, 248 Pa.Super. 242, 244, 375 A.2d 78 (1977).  Full and complete records of all proceedings will not only protect the rights of the criminally accused but will assure meaningful review without delay by the appellate courts.  This procedure is no less, but probably more, necessary in *ex parte* proceedings where, for one reason or another, the defendant is not present.

█  As to indictment number 5659, therefore, we vacate the judgment of sentence and remand for a determination of whether appellant or his counsel had adequate notice of the Commonwealth's March 16, 1976 petition to extend the subsequent hearing.[5]  If the lower court determines that

4.  The Commonwealth asserts in its brief, for the first time, that appellant did have notice, but refers to nothing in the record as evidencing such notice.

5.  On this issue our inquiry stops with the March 26, 1976 order of the court and we do not address the May 28, 1976 order.  If appellant is found to have waived the right to challenge the March 26, 1976 order, we would affirm the May 28 order on that basis.  If appellant did not waive the right to challenge the order and upon rehearing the petition is granted, that order will be the appropriate one for review

appellant did have adequate notice and failed to appear and contest the petition and the court's order, judgment of sentence shall be reinstated. If the court determines that appellant did not have adequate notice, the court shall schedule a new hearing on the petition. If there is a new hearing, appellant must be given adequate notice and an opportunity to contest the petition and the Commonwealth must prove the assertions it makes in support of its petition to extend. If at the end of the hearing the court determines that the Commonwealth has not met its burden of proof, appellant shall be discharged. If, however, the court determines that the Commonwealth has met its burden, the judgment of sentence herein shall be reinstated.

Judgment of sentence on both counts vacated and case remanded for proceedings consistent with this opinion.

PRICE, J., files a concurring opinion in which SPAETH, J., joins.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

PRICE, Judge, concurring:

I concur with the majority's disposition of this case as to indictment number 5657. I wish to comment, however, that if the appellant filed a written petition to dismiss before trial began on May 28 or if he opposed the Commonwealth's motion to reopen the hearing on its extension petition, then he preserved his ability to claim that his Rule 1100 right to a speedy trial was violated. *See Commonwealth v. Coleman,* 477 Pa. 400, 383 A.2d 1268 (1978). In such event, the appellant's claim should have been granted.

by this court. Finally, if upon rehearing the petition is denied, we would be forced to reverse the May 28 order and discharge appellant. Even granting the Commonwealth the 50 day exclusion to which it claims it is entitled, (see footnote 1, *supra*) the time for trying appellant would have expired on May 19, 9 days before his trial actually began.

As to indictment number 5659, I agree with the majority that we must vacate the judgment of sentence and remand this case to the court below to determine whether the appellant received notice of the Commonwealth's application to extend.[1] Unlike the majority, however, I believe that if the appellant was not notified of the Commonwealth's application to extend or if he was not granted an opportunity to oppose that application, then there is no need for the court below to schedule a new hearing on the application. Pa.R. Crim.P. 1100(c) clearly requires that: "A copy of [the application to extend] *shall* be served upon the defendant through his attorney, if any, and the defendant *shall* also have the right to be heard thereon." (emphasis added). If either of these two requirements was not satisfied, then the allowance of the Commonwealth's application to extend was improper. *See Commonwealth v. Stabler*, 251 Pa.Super. 194, 380 A.2d 444 (1978).

As to indictment 5659, I would remand this case to the court below to ascertain whether the initial hearing conformed with the above-stated requirements of Pa.R.Crim.P. 1100(c). If the court below determines that the appellant or his counsel was adequately notified of the Commonwealth's March 16, 1976 petition to extend, but failed to contest that petition, the judgment of sentence shall be reinstated. If the initial hearing was improperly conducted, then the appellant must be discharged because the mandatory period has expired.

SPAETH, J., joins in this concurring opinion.

1. My examination of the record reveals that the question of notice may not have been properly preserved. If this is so, then the appellant is precluded from gaining relief on that ground.