392 A.2d 769

**COMMONWEALTH of Pennsylvania**

v.

**Floyd WILSON, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted June 13, 1977.

Decided Oct. 20, 1978.

232

David E. Auerbach, Assistant Public Defender, Media, for appellant.

Frank T. Hazel, District Attorney, Media, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

The instant appeal arises from appellant's conviction of a variety of offenses based upon his burglarization of a private home in Clifton Heights, Pennsylvania. Following a jury trial, and argument on appellant's post-verdict motions, the court imposed sentences totalling ten to twenty years in prison. The relevant facts are as follows:

After dark on February 26, 1975 two armed men burst into the home of Mrs. Mary Scali. Mrs. Scali testified that the men were young and black, with short hair. Although Mr. Scali was at work at the time, Mrs. Scali was not alone; her next-door neighbor, Florence Magoon was visiting with her. Both men terrorized Mrs. Scali and Mrs. Magoon, bound their hands behind their backs (in Mrs. Scali's case, with the cord from a lamp) and forced them into a bedroom closet after taking more than five hundred dollars from the residence. At all times during the burglary and robbery the culprits forced the women to keep their heads down lest the women be able to identify them subsequently. The ensuing police investigation revealed fingerprints on the closet door and the lamp from which the cord to bind Mrs. Scali had been taken. Ultimately expert testimony established that some of those fingerprints were appellant's, who, to the best of the Scali's recollection, had never been in their home before the night in question.

On April 8, 1975, appellant, who was already under arrest for murdering the police chief of Glenolden Borough, was arrested for and charged with the crimes arising from the foregoing events. Because appellant was a juvenile, it was not until June 11, 1975, that he was certified for trial as an adult. Thereafter he was also indicted. On September 26, 1975, the Commonwealth requested an extension of time in which to try appellant, and on December 15, 1975, following a continuance previously granted on the motion of the defense, appellant began with the trial which ultimately led to his conviction.

■ Appellant first argues that the evidence was insufficient to prove beyond a reasonable doubt that he was one of the persons who committed the crimes in question. The crux of appellant's argument is that, lacking eyewitness identification evidence or other circumstantial evidence, fingerprint evidence alone is not sufficient to convict him. We disagree, finding appellant's reliance on *Commonwealth v. Cichy*, 227 Pa.Super. 480, 323 A.2d 817 (1974) to be misplaced. Although we there held that fingerprint evidence,

standing alone, was insufficient to prove identity beyond a reasonable doubt, that case involved the burglary of a public place, and the fingerprints were found on a readily movable object in common usage. We expressly distinguished cases holding fingerprint evidence sufficient when such cases involved "fresh fingerprints . . . found at the place of illegal entry to private burglarized premises where a defendant's presence is unexplained." *Id.*, 227 Pa.Super. at 483, 323 A.2d at 818. Since such were the facts of the instant case, the evidence was sufficient to establish appellant's guilt beyond a reasonable doubt. There is simply no logical explanation for finding appellant's fingerprints on the lamp and closet in the Scali residence, except that he inadvertently placed them there while burglarizing the Scali home and terrorizing its occupants.

▆ Appellant next argues that he was entitled to have the charges against him dismissed because he was not tried within the mandated period established by Pa.R.Crim.P., Rule 1100. However, appellant neither contested the extension of time to try him which the court granted pursuant to Rule 1100(a), nor filed a petition to dismiss the charges prior to trial pursuant to Rule 1100(f). That being the case, this argument has been waived. See *Commonwealth v. Taylor*, 473 Pa. 400, 374 A.2d 1274 (1977); *Commonwealth v. Yancey*, 251 Pa.Super. 478, 380 A.2d 880 (1977).

▆ Appellant's final argument raises the question of the effectiveness of his trial counsel in several respects, only one of which we find sufficiently troublesome to require treatment herein.* Appellant alleges that his counsel failed to call an alibi witness to testify despite his having apprised

---

* For example, appellant also argues that counsel failed to protect appellant's Rule 1100 rights by opposing the Commonwealth's petition for an extension, or by moving to dismiss the charges prior to trial. However, appellant does not indicate on what basis such challenges might have been successful. The petition for an extension was sufficient on its face in stating that despite its due diligence the Commonwealth was unable to bring appellant to trial within 180 days because of the unavailability of a sufficient number of judges to try the criminal cases then pending in Delaware County. See *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976); *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976). Hence, there

counsel of the existence of such a witness. See *Commonwealth v. Bronson*, 457 Pa. 66, 321 A.2d 645 (1974). However, on the current state of the record we are unable to ascertain whether appellant did so inform counsel and, if so, whether counsel's failure to call such a witness had any reasonable basis designed to effectuate his client's interest. Therefore, we must vacate the judgment of sentence and remand for an evidentiary hearing to establish facts sufficient to make these determinations. *Commonwealth v. Twiggs*, 460 Pa. 105, 331 A.2d 440 (1975). Should the court determine counsel was not ineffective in this regard, the court may reinstate the judgment of sentence previously imposed.

Judgment of sentence vacated, and the case is remanded for further proceedings consistent with this opinion.

SPAETH, J., concurs in the result.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

is no basis for us to conclude that any objection counsel might have raised concerning the application of Rule 1100 has arguable merit. *Commonwealth v. Hubbard*, 472 Pa. 259, 282–83, 372 A.2d 687 (1977); *Commonwealth v. Thomas*, 251 Pa.Super. 386, 380 A.2d 833 (1977).