396 A.2d 386

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Louis E. HUERTAS, Appellee.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1977.

Decided Dec. 22, 1978.

11. Section 13(b) of the Act, 35 P.S. § 780–113(b).

John E. Gallagher, District Attorney, Easton, for Com., appellant.

George A. Heitczman, Bethlehem, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, President Judge:

This appeal is from an order of the Court of ·Common Pleas of Northampton County granting defendant's motion to dismiss charges against him with prejudice, pursuant to Pa.R.Crim.P. 1100(f). In the same order, the lower court rescinded its prior order of February 16, 1977 granting an extension to the Commonwealth under Rule 1100(c). The Commonwealth contends that the February order granting the extension was in fact valid even though at that time the defendant was unavailable. For the reasons that follow, we reverse.

On April 29, 1976, the Commonwealth filed a criminal complaint against the appellee charging him with possession with intent to deliver and delivery of heroin to an undercover Pennsylvania State Trooper on April 22, 1976. Consequently, appellee should have been brought to trial no later than October 26, 1976,[1] absent either the exclusion of any period of delay from the computation by grace of Rule 1100(d)(1)[2] or an order granting a timely application by the Commonwealth for an extension pursuant to Rule 1100(c).[3]

1. Trial must commence within 180 days of the date on which the complaint was filed. Pa.R.Crim.P. 1100(a)(2).

2. Rule 1100(d)(1) provides in pertinent part that "[i]n determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from: (1) the unavailability of the defendant or his attorney." Pa.R. Crim.P. 1100(d)(1).

3. Rule 1100(c) provides that
[a]t any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the Court for an order extending the time for commencement of trial.

 The case was initially scheduled for trial on June 22, 1976, but was continued by the Commonwealth due to the unavailability of courtroom space. The trial was re-scheduled for September 21, 1976 at which time 35 of the original 180 days remained. However, appellee failed to appear in court on that date, and a bail piece was issued on the following day. The Commonwealth's repeated efforts to locate the appellee were fruitless, until he turned himself in on April 21, 1977. Because of appellee's unavailability, the Commonwealth now had 35 days from April 21, 1977 to bring him to trial, or by May 26, 1977.[4] Consequently, the Commonwealth's petition for extension, filed during appellee's absence on February 8, 1977, was clearly timely.[5]

 On May 19, 1977, appellee petitioned for dismissal of the charges against him with prejudice pursuant to Rule 1100(f).[6] On June 14, 1977, the court below granted that

A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced.

Pa.R.Crim.P. 1100(c).

4. Appellee does not contest the Commonwealth's due diligence in its efforts to locate him during his 212 day disappearance. Consequently we assume due diligence throughout that period. *Cf. Commonwealth v. Flores,* 247 Pa.Super. 140, 152–53, 371 A.2d 1366, 1373 (1977) (defendant deemed to admit unavailability by not raising the question at hearing on motion to dismiss based on non-compliance with Rule 1100). Therefore, the entire period of appellee's absence is excluded from the computation of the 180 days. *See Commonwealth v. Haynes,* 245 Pa.Super. 17, 21, 369 A.2d 271, 273 (1976).

5. *See* Pa.R.Crim.P. 1100(c); *Commonwealth v. Ellison,* 249 Pa.Super. 339, 340, 378 A.2d 325, 326 (1977). The February 8, 1977 petition, at issue herein, was the final of several extension petitions filed during the defendant's unavailability.

6. Rule 1100(f) provides in pertinent part that "[a]t any time before trial, the defendant or his attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this Rule has been violated." Pa.R.Crim.P. 1100(f). Note that, although appellee's petition to discharge was filed prior to the May 26, 1977 expiration date, it was based upon the bona fide belief, albeit errone-

petition, simultaneously rescinding the extension which it had granted to the Commonwealth on February 16, 1977. Appellant contends that the February 16, 1977 extension was valid and consequently ought to be reinstated. We agree.

Appellant initially argues that a defendant's presence at an extension hearing is not pre-requisite to a valid grant, as long as notice of the hearing has been sent to him through his attorney.[7] In *Commonwealth v. Taylor,* 473 Pa. 400, 374 A.2d 1274 (1977), the Supreme Court held that where defendant's attorney was given adequate notice of the Commonwealth's extension application but failed to appear at the hearing, the defendant was deemed to have consented to the extension. *Id.,* 473 Pa. at 404–05, 374 A.2d at 1276. Although the precise issue was waiver of the right to object to the extension, implicit in the Court's holding was the assumption that the defendant need not be available for or present at the hearing, so long as his attorney has adequate notice.[8] Therefore, the mere fact that appellee herein was unavailable should not preclude the Commonwealth from seeking an extension, where the defendant is represented by counsel. To so hold would frustrate the Commonwealth's effort to best protect all parties' interests by seeking an extension to a specified time.

Unavailability of the defendant or his attorney is by definition grounds for excluding the period of unavailability from the computation of the 180 days. Pa.R.Crim.P. 1100(d); *Commonwealth v. Lennox,* 250 Pa.Super. 80, 83, 378

ous, that the requisite period had already expired. Therefore, it was not improper for the lower court to entertain that petition.

7. The lower court disapproved of the extension hearing because defendant was unavailable. *See* Lower Ct.Op. at 2.

8. In the case at bar, appellee's attorney not only had notice but was by his own admission (as evidenced by the record) present at the February 16, 1977 extension hearing, and there represented the interests of his client by opposing the extension. Whether the defendant in *Taylor* was available was not an issue; however, at the time of the extension hearing defendant was in jail in another county and was not brought to court.

A.2d 462, 464 (1977). The lower court concluded that consequently, it would be unnecessarily duplicitous to grant an extension based on unavailability. Lower Ct.Op. at 3. However, unless the District Attorney asks for an extension, he must be the judge of whether the defendant was unavailable. Unless he is able to present the issue before the 180 days have expired and have the court determine unavailability in terms of his due diligence, he runs the risk of having the court find that the defendant had in fact been available and that consequently the 180 days had expired. This is particularly true where the defendant is represented by counsel who is available.

 Where as herein defendant is a fugitive, he certainly has no right to object to an extension for that reason. The lower court is rewarding a fugitive by forcing the District Attorney to depart from the orderly administration of justice to accommodate the fugitive. Considering the fact that extensions granted on account of overcrowded dockets have been approved, where defendant was not at all at fault, *See Commonwealth v. Shelton,* 469 Pa. 8, 364 A.2d 694 (1976), the extension granted to appellant herein on February 16, 1977 was not improper where the unilateral activities of appellee were frustrating any attempts at rescheduling the trial.[9]

Reversed and remanded for proceedings not inconsistent with this opinion.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

**9.** We further hold that the February 16, 1977 extension granted until "the first complete trial term immediately following the receipt of custody of the person of the defendant by the County of Northampton exercising due diligence pursuant to Rule 1100 of the Pennsylvania Rules of Criminal Procedure" satisfies the requirement that the order "specify the date *or period* within which trial shall be commenced." Pa.R.Crim.P. 1100(c) (emphasis added). No greater specificity was possible, for it could not be ascertained when appellee would return.