396 A.2d 422

## COMMONWEALTH of Pennsylvania

v.

## Gerald JOHNSON, a/k/a Melvin Yancey, Appellant.

Superior Court of Pennsylvania.

Submitted March 20, 1978.

Decided Dec. 22, 1978.

328

Robert F. Pappano, Assistant Public Defender, Chester, for appellant.

Frank T. Hazel, District Attorney, Media, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

SPAETH, Judge:

On October 12, 1974, appellant was arrested, and a complaint was filed charging him with numerous offenses stemming from an armed robbery. Appellant's sole contention on appeal is that his trial was not timely as required by Pa.R.Crim.P. 1100.

Under Rule 1100(a)(2), appellant should have been tried within 180 days of the complaint, or by April 10, 1975, unless the Commonwealth was granted an extension of time under Rule 1100(c), or unless under Rule 1100(d) time could be excluded from the 180-day period.

There are various discrepancies in the factual accounts of appellant, the Commonwealth, and the lower court's opinion as to what happened, especially between October 12, 1974, when the complaint was filed, and February 14, 1975, when the grand jury approved the indictments.[1] The record, regrettably, does not enable us to resolve these discrepancies. However, we find that in any case appellant's argument has no merit if the Commonwealth's petition to extend, timely filed on April 4, 1975, was properly granted. (The extension was for 90 days, or until July 9, 1975, which was well beyond the actual trial date of June 18, 1975.)

On April 4, the same day the petition to extend was filed,[2] a rule was granted upon appellant to show cause why the extension should not be granted. Appellant's counsel was

---

1. For example: Was a preliminary hearing, at which appellant failed to appear, held on November 3 or October 29? Did appellant's counsel ask a continuance until December 30 or not? Did appellant ask for a continuance on March 22 or not? Did the continuance contain a valid waiver of appellant's Rule 1100 rights?

2. Appellant never filed any answer to the petition to extend.

before the court that day.[3]   On April 9 the court entered an order that "a hearing for the above Defendant be held on April 11, 1975."   When appellant and his counsel did not appear on April 11, the court entered an order saying that the Commonwealth "had proved that said application was served on defendant;" that the court had "considered all the evidence;" and that it was granting the extension.

Ordinarily, appellant's failure to contest the petition to extend would mean he has waived his right to contest the extension on its merits. *Commonwealth v. Taylor*, 473 Pa. 400, 374 A.2d 1274 (1977); *Commonwealth v. Wareham*, 256 Pa.Super. 23, 389 A.2d 581 (1978); *Commonwealth v. Burton*, 246 Pa.Super. 498, 371 A.2d 946 (1977).   However, in *Commonwealth v. Wareham, supra,* and *Commonwealth v. Jones,* 258 Pa.Super. 50, 391 A.2d 667 (1978), we held that no such waiver should be found absent evidence that the defendant had notice of the petition to extend and of the time of the hearing on the petition.   In those cases, since the record had no such evidence, we remanded to the lower courts to find out if notice had been given.

Here, the lower court found that appellant had been given notice of the petition to extend ("said application was served on defendant"), but there is no evidence, or finding, that he was given notice of the time of the April 11 hearing.   In these circumstances it might seem proper to remand for a finding as to that notice.   We have concluded, however, that remand is unnecessary.

In his counselled petition to dismiss under Rule 1100(f), filed May 2, 1975,[4] appellant explicitly acknowledged the April 11 hearing and challenged it on two bases:  first,

**3.** A later petition to dismiss under Rule 1100, *see infra,* states that appellant's counsel was in court on April 4, arguing the lack of a preliminary hearing transcript.   This might explain the otherwise peculiar fact that the rule of April 4 was made returnable the same day.

**4.** On April 14, 1975, appellant filed a *pro se* petition to quash the indictments and dismiss under Rule 1100.   It appears that the court never ruled on this petition, and it was incorporated into appellant's counselled petition of May 2.

on the (factually erroneous) basis that the petition came two days after the time for trial had expired, and second, on the basis that "such petition was submitted to the court without the defendant being present." [5] No mention was made of lack of notice as an excuse for appellant's or his counsel's absence.[6] Given this failure to allege lack of notice, we have concluded that if we are to be consistent with other Rule 1100 decisions, we must hold that appellant has waived the right to argue lack of notice now. *See, e. g., Commonwealth v. Coleman*, 477 Pa. 400, 383 A.2d 1268 (1978) (failure to file Rule 1100(f) petition or to oppose Commonwealth's petition to extend); *Commonwealth v. Taylor, supra*, 473 Pa. at 407, n. 7, 374 A.2d at 1276, n. 7 (failure to object to lack of full 10-day notice of extension petition or to move for continuance); *Commonwealth v. Hickson*, 235 Pa.Super. 496, 344 A.2d 617 (1976) (agreement when trial date is set beyond Rule 1100 deadline); *Commonwealth v. Royer*, 256 Pa.Super. 361, 389 A.2d 1165 (1978) (failure to object to Commonwealth petition as untimely). Here, at the time of the hearing itself, appellant had been notified that the Commonwealth was petitioning to extend, and his counsel had been in court the same day that the court's rule was originally made returnable. *See* footnote 3, *supra*. At the very least, then, appellant and counsel were aware enough of the Commonwealth's activity to object as soon as they learned that the court had held an *ex parte* hearing on the extension.[7] More important, appellant by his later petition to

5. Appellant does not make this argument on appeal.

6. Indeed, on this appeal appellant does not allege any lack of notice. He does not even consider the question of the extension hearing. He simply argues that he was unavailable for 43 days, that 26 days should be excluded as a result of 56 days of continuances between April 22 to June 17, and that subtracting these 69 days from the 250 days before trial leaves 181 days, or one more day than Rule 1100 permitted.

7. While the record is certainly not dispositive, the lower court's April 11 order at least indicates that it did hear testimony. In *Commonwealth v. Wareham, supra*, we strongly suggested that testimony must be taken even at *ex parte* extension hearings, and that the proceedings must be transcribed. We repeat this admonition here.

dismiss took the opportunity to object to the April 11 hearing but did not raise any question about notice.

We recognize that our conclusion here may be regarded as inconsistent with *Commonwealth v. Wareham, supra,* or *Commonwealth v. Jones, supra.* However, the question of waiver was not discussed in those cases.

Affirmed.

CERCONE and PRICE, JJ., concur in the result.

HOFFMAN, J., did not participate in the consideration or decision of this case.