416 A.2d 1018

**COMMONWEALTH of Pennsylvania**

v.

**Robert COSTIGAN, Appellant.**

Superior Court of Pennsylvania.

Submitted March 20, 1978.

Filed Dec. 7, 1979.

522

Roy Davis, Assistant Public Defender, Media, for appellant.

Ralph B. D'Iorio, Assistant District Attorney, Media, for appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

CERCONE, President Judge:

The instant appeal arises from the judgment of sentence the court imposed upon appellant for robbery.[1] Before us on appeal are two questions for our review: (1) whether the court below was correct in denying appellant relief under Pa.R.Crim.P. 1100; and (2) whether the suppression court correctly found the Commonwealth sustained its burden of proving a valid consensual search to support the police's seizure of a weapon located in the trunk of the auto in appellant's custody. Since we find no error in the proceedings in the court below, we affirm.

## I.

Appellant first contends that he is entitled to discharge because his right to a speedy trial under Pa.R.Crim.P. 1100 was denied him. This argument has three facets which we shall treat separately.

■■■ The complaint charging appellant with robbery was filed on July 3, 1974; accordingly, the Commonwealth had until December 30, 1974 to bring appellant to trial.[2] However, on November 15, 1974 well within the 180 days permitted by the rule, the Commonwealth filed a petition for an extension of time of ninety days to bring appellant to trial pursuant to subsection (c) of Rule 1100.[3] The petition recit-

1. Crimes Code, 18 Pa.C.S. § 3701 (1973). The jury had also found appellant guilty of possession of a firearm, Uniform Firearms Act, 18 Pa.C.S. § 6106 (1973), but on that charge the court granted appellant's motion in arrest of judgment.

2. See Pa.R.Crim.P. 2 & 1 Pa.C.S. § 1908 (Supp. 1978).

3. Pa.R.Crim.P. 1100(c) provides:
   "At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced."

ed the lack of available courtroom and judicial manpower to try the case within 180 days. Neither appellant nor counsel on his behalf appeared at the hearing on the extension petition, and the Commonwealth's request was granted. In its order granting the extension the court recited as a fact that the Commonwealth "proved that the said application [for an extension of time] was served on defendant . . ." On February 10, 1975, appellant's counsel filed an "Application to Suppress Evidence and to Quash Indictments," alleging, inter alia, that the prior listing of appellant's trial on January 6, 1975, was "in excess of his guaranty to a speedy trial." [4] Ultimately, appellant was tried in June, 1975, but it is conceded that the periods of delay occurring after January, 1975, are not attributable to the Commonwealth.

First, appellant contends that he should have been discharged pursuant to Rule 1100 because the Commonwealth's petition for an extension recited only the standard, boilerplate justifications for an extension which this court criticized in *Commonwealth v. Ray*, 240 Pa.Super. 33, 360 A.2d 925 (1976). It must be noted, of course, that the judge hearing the petition stated in his order granting it that he "considered all the evidence" supporting the petition, thus indicating that the general allegations of the petition were

4.  While appellant also urges that trial counsel waived any objection based on violation of Rule 1100 because counsel neglected to file a separate motion to dismiss pursuant to Rule 1100(f), we disagree. It has long been recognized it is procedurally proper to object to length of delay in being brought to trial by filing a motion to quash the indictment. *Commonwealth v. Roundtree*, 469 Pa. 241, 364 A.2d 1359 (1976). The mere fact that appellant's counsel chose to combine an application to suppress evidence with a motion to quash, does not invalidate or otherwise cause an entirely timely motion to become untimely. *See* and *compare*, Pa.R.Crim.P. 304(e) (Pretrial Applications for Relief) and 305 (Time for Application and Service) *with* their 1977 amended versions in 306 (Omnibus Pretrial Motion and Service) (both Rules effective in cases in which the indictment or information is filed on or after January 1, 1978). On the facts of this case, appellant's joint application most assuredly satisfied the requirements of Rule 1100(f) (permitting a motion to dismiss any time prior to commencement of trial). Accordingly, we cannot find counsel ineffective for failing to do something he had already accomplished in a perfectly timely manner.

supplemented by evidence.[5]   In any event, appellant did not appear and contest the Commonwealth's petition for an extension.  Consequently, the question of whether the Commonwealth failed to offer adequate justification for the extension of time has been waived.  *Commonwealth v. Taylor*, 473 Pa. 400, 374 A.2d 1274 (1977).  See also *Commonwealth v. Wilson*, 258 Pa.Super. 231, 392 A.2d 769 (1978).

■   Second, appellant contends that he should have been discharged because the Commonwealth did not serve him with a copy of its petition for an extension pursuant to Rule 1100(c).  Cf. *Commonwealth v. Stabler*, 251 Pa.Super. 194, 380 A.2d 444 (1977).  Once again, the court hearing the petition expressly found as a fact that appellant had been served with the petition.  In any event, appellant did not challenge this finding of fact in his written application to quash the indictment or orally at the hearing thereon.  Indeed there were no references whatsoever to the petition for an extension, the order granting it or, most importantly, the alleged failure of the Commonwealth to serve the petition on appellant through his counsel.  Therefore, insofar as this direct appeal is concerned this issue has also been waived. *Commonwealth v. Johnson*, 261 Pa.Super 327, 330, 396 A.2d 422, 423–24 (1978).

■   Third, appellant contends that trial counsel was ineffective in failing to raise the issue of service of a copy of the petition to extend in his application to quash the indictment. In this regard, the often-recited standard for review of counsel's effectiveness was stated in *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967):

"[C]ounsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course

---

5.  We reiterate, the preferable practice for the court hearing evidence on a petition for an extension is to have the hearing transcribed for appellate use as well as for use in any subsequent Post-Conviction Hearing Act proceeding.  *See Commonwealth v. Wareham*, 256 Pa. Super. 23, 33, 389 A.2d 581, 586 (1978).  By doing so the court will obviate, in many instances, the wasteful necessity for holding a rehearing in the future to reconstruct the first hearing.

chosen by counsel had some reasonable basis designed to effectuate his client's interests."

Coupled with the fact that counsel is not required to file baseless or frivolous motions in order to advance his client's interests, we find counsel was effective in this case. See, e. g., *Commonwealth v. Nole*, 461 Pa. 314, 336 A.2d 302 (1975); *Commonwealth v. Harrison*, 228 Pa.Super. 42, 323 A.2d 848 (1974). As we pointed out above, the extension hearing court found as a fact included in its order that appellant and counsel failed to challenge the petition for extension despite having been served with a copy. Trial counsel, Clarence I. Bell, Jr., did not enter an appearance for appellant until January 5, 1975,[6] and, on the face of the record, a challenge to service would have appeared to have been baseless from Mr.Bell's viewpoint. Hence, his failure to challenge the adequacy of notice of the extension hearing had a reasonable basis. Although we have complained of the inadequacy of untranscribed hearings on Rule 1100 motions for the purposes of appellate review in cases such as *Commonwealth v. Wareham*, supra, and *Commonwealth v. Ray*, supra, we have never held that transcription of the record is a prerequisite to a valid hearing. Indeed, in *Commonwealth v. Johnson*, 261 Pa.Super. 327, 396 A.2d 422 (1978), we found an entry in a hearing court's order that appellant had been served with a copy of the petition for extension sufficient to prove that fact. Certainly as the case law existed in January of 1975, trial counsel had no basis for assuming that he should go behind the entries of record to determine whether they were without foundation.

■ Finally, we do not intend to imply that if appellant did not receive notice of the extension hearing contrary to the Commonwealth's allegations in the ex parte extension hearing, he is without a remedy; we only find that such a

___

**6.** While appellant was represented by counsel at his preliminary hearing, apparently that lawyer, who did not enter an appearance and may have been court-appointed, was not Mr. Bell. It was that lawyer as well as the accused himself upon whom the Commonwealth avers it served a copy of the petition. Consequently, more than 180 days had elapsed before counsel entered a formal appearance on appellant's behalf.

remedy is beyond the scope of direct review at this time. In essence, appellant now seeks to attack the validity of the judgment of sentence by alleging facts dehors the record, a common definition of "collateral attack." In this regard, we need not express an opinion at this juncture whether the procedural background of this case constitutes any extraordinary circumstance under the Post Conviction Hearing Act, 19 P.S. § 1180–4(b) (Supp.1979) so that appellant will not be deemed to have waived the question of service of the petition for an extension.

## II.

The resolution of appellant's remaining contention, that evidence admitted at trial should have been suppressed requires a brief statement of the facts underlying the robbery offense.

On May 28, 1974, a young man, subsequently identified as appellant, entered a gunshop in Prospect Park, Pennsylvania. After browsing in the store until a customer left, appellant approached the counter, drew a gun, and ordered the clerk to remove perhaps a half-dozen pistols and holsters from the display case. The clerk complied; but, alarmed by passersby, appellant grabbed only one of the pistols, a .32 calibre automatic, and fled.

On July 3, 1974, Trooper Corrigan was on routine traffic patrol when he observed one vehicle passing another in an improper lane of traffic. The trooper ordered the car to a halt, and as he approached it, appellant alighted from the driver's side. After obtaining appellant's requisite driving credentials, and while awaiting a report on them from headquarters,[7] the trooper observed pistol target papers on the front seat of appellant's car. The events which immediately followed were disputed at the suppression hearing.

According to Trooper Corrigan, appellant and he struck-up a conversation concerning target shooting and guns generally, whereupon appellant volunteered to show the trooper his

7. The report subsequently indicated that appellant's operator's privileges had been suspended.

pistol. He opened the trunk of the car and removed the pistol from a brown paper bag. Because of the manner in which it was being transported, Trooper Corrigan was suspicious, called headquarters, and learned that the pistol had been stolen. Subsequently, it was determined the pistol was the one which had been stolen from the gunshop in Prospect Park more than a month before. Appellant's version of the events immediately preceding the discovery of the pistol was that there was no general conversation between the trooper and him; rather, he testified, the trooper asked him to open the trunk when he saw the target papers on the front seat, some of which had been used. Appellant testified he complied with the request because he did not know he had the right to refuse.

The issue at suppression and on appeal is whether the evidence supported the conclusion that the "search" of the trunk which uncovered the weapon was a valid, consensual search. It is conceded, even if appellant's version of facts were believed, that the only evidence offered at suppression to vitiate consent was appellant's unexpressed feeling at the time of the search that he did not have the right to refuse to consent, an attitude unsupported by the actions or words of Trooper Corrigan. Appellant cites no case in support of the proposition that his unilateral mistake as to his right to refuse to consent vitiated the search other than *Commonwealth v. Szukics*, 212 Pa.Super. 517, 243 A.2d 198 (1968). *Szukics*, however, bears no resemblance to this case, and cataloging the differences to distinguish that case would serve no useful purpose. Suffice it to say, even under appellant's version of the facts, *Schneckloth v. Bustamonte*, 412 U.S. 218, 227–249, 93 S.Ct. 2041, 2047–2059, 36 L.Ed.2d 854 (1973) is directly on point and validates the consensual search. See also *Commonwealth v. Woods*, 240 Pa.Super. 72, 76, 368 A.2d 304, 306 (1976). In any event, on appeal we are bound by the hearing court's findings of fact and conclusions of law if they are supported by competent evidence in the record. *Commonwealth v. Hall*, 475 Pa. 482, 486, 380 A.2d 1238, 1240 (1977); *Commonwealth v. Reynolds*, 256 Pa.Su-

per. 259, 271, 389 A.2d 1113, 1118 (1978). In the instant case, from the facts presented at the suppression hearing, the court concluded that appellant's consent to search the trunk was voluntary.[8] As this legal conclusion drawn from these facts was not in error, we will affirm. *Id.* See also *Commonwealth v. Woods*, 240 Pa.Super. 72, 76, 368 A.2d 304, 306 (1976).

Judgment of sentence affirmed.

PRICE, J., concurs in the result

SPAETH, J., files a dissenting opinion

JACOBS, former President Judge, did not participate in the consideration or decision of this case.

SPAETH, Judge, dissenting:

I should remand this case for a hearing. *See Commonwealth v. Twiggs*, 460 Pa. 105, 331 A.2d 440 (1975). One question that must in any event be answered is whether appellant did in fact receive notice of the Commonwealth's petition to extend under Rule 1100(c). This question can only be answered by remanding for a *Twiggs* hearing, at which appellant, his first attorney, and any other person with knowledge, may testify on the record with respect to the service of the petition. If the evidence shows that appellant or his attorney did receive notice, then the lower court will not need any further testimony. If, however, the evidence shows that appellant or his attorney did not receive notice, then the court must reach the question of whether either or both of appellant's trial counsel were ineffective in failing to raise the issue of lack of notice.

I should remand the case for a hearing.

**8.** In general terms, the criteria a suppression court should consider are set forth in *Commonwealth v. Burgos*, 223 Pa.Super. 325, 299 A.2d 34 (1972).