424 A.2d 1242

**COMMONWEALTH of Pennsylvania,**

v.

**Jerome HARRIS, Appellant.**

Supreme Court of Pennsylvania.

Submitted Sept. 24, 1980.

Decided Jan. 30, 1981.

John Halley, Court-appointed, Pittsburgh, for appellant.

Robert E. Colville, Dist. Atty., Robert L. Eberhardt, Deputy Dist. Atty., Pittsburgh, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

O'BRIEN, Chief Justice.

This appeal is from an Order of the Court of Common Pleas of Allegheny County dated March 28, 1978, denying appellant's petition for post-conviction relief without a hearing.

On July 17, 1975, appellant, Jerome Harris, was charged with murder and involuntary manslaughter. The case was originally set for trial on December 15, 1975, simultaneous with appellant's trial on another offense. The court denied the Commonwealth's motion to consolidate the two trials and postponed trial on the instant case. On December 17, 1975, appellant proceeded to trial on the other charges. Since under Rule 1100 trial on the instant case was required to begin by January 9, 1976, the Commonwealth filed a timely petition for an extension of time pursuant to Pa.R. Crim.P. 1100(c) which the court granted on December 21, 1975, specifying that trial should begin by April 15, 1976.

On April 5, 1976, appellant pled guilty to homicide generally, and the court fixed the degree of guilt at murder of the third degree. No direct appeal was taken from the judgment of sentence of seven-and-one-half-to-twenty years imprisonment. Appellant was represented throughout these proceedings by the public defender's office.

On January 25, 1978, appellant filed a *pro se* petition under the Post Conviction Hearing Act (PCHA)[1] alleging a violation of Pa.R.Crim.P. 1100—*viz.*, that he was denied the right to be heard on the Commonwealth's application for an extension of time. The public defender's office was again appointed to represent appellant, but no amended petition was filed. The Commonwealth answered appellant's petition on March 10, 1978, and on March 30, 1978, the petition

[1]. The Act of January 25, 1966, P.L. (1965) 1580, § 1, 19 P.S. § 1180–1 et seq. (Supp. 1979–80).

was denied without a hearing. Appellant is represented on this appeal by court-appointed private counsel.

■ The central issue presented by this case is whether the court below properly denied appellant a post-conviction hearing. At the outset we note that this was appellant's first post-conviction petition and that it was filed *pro se* stating he was without means and requesting the appointment of counsel. Under these circumstances, appellant was entitled to appointed counsel, *see* Pa.R.Crim.P. 1503 and 1504, and the court, upon receipt of his petition, did appoint the public defender to represent appellant. However, there is nothing to indicate that counsel participated in the proceedings since no amended petition or brief was filed and oral argument was not heard.

■ Our cases have repeatedly held that counsel so appointed is expected to discharge the responsibilities of representation. Where a PCHA court summarily disposes of a first post-conviction petition without such representation we have considered the proceeding uncounseled, *see Commonwealth v. Via*, 483 Pa. 363, 396 A.2d 1212 (1979); *Commonwealth v. Scott*, 469 Pa. 381, 366 A.2d 225 (1976); *Commonwealth v. Fiero*, 462 Pa. 409, 341 A.2d 448 (1975); *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975); *Commonwealth v. Mitchell*, 427 Pa. 395, 235 A.2d 148 (1967), and have customarily remanded for the appointment of counsel to represent appellant in filing an amended petition and in any further proceedings thereon. *Commonwealth v. Scott, supra; Commonwealth v. Fiero, supra; Commonwealth v. Singleton*, 248 Pa.Super. 46, 374 A.2d 1309 (1977); *Commonwealth v. Young*, 245 Pa.Super. 298, 369 A.2d 412 (1976).

■ However, in this case we are able to conclude on the basis of appellant's *pro se* petition and the Commonwealth's answer thereto that the court improperly denied an evidentiary hearing since the petition alleged facts that if proven would have entitled appellant to relief. 19 P.S. § 1180–9

(Supp. 1979–80).[2] Appellant asserted a violation of his Rule 1100 right to be heard on the Commonwealth's application for an extension of time. In support thereof he alleged the fact that he was not informed of the Commonwealth's request. The Commonwealth's motion to dismiss appellant's PCHA petition stated that petitioner's counsel was personally served with a copy of the application on December 17, 1975, at 9:30 A.M. in the courtroom where appellant's trial on another offense was scheduled to begin at 10:00 A.M. The PCHA court found that service of the petition was made on appellant's counsel and concluded that counsel chose not to contest the petition.

On appeal appellant concedes that counsel received notice and the Commonwealth maintains that counsel had the opportunity to inform his client during the half hour lapse between service of the petition at 9:30 A.M. and swearing of the jury in that courtroom at 10:00 A.M. The record contains a copy of the application and the affidavit of service on appellant's counsel which indicate that a hearing on the application was set for December 17, 1975, at 9:30 A.M., the exact time at which service was made. Inasmuch as the petition was granted on December 21, 1975, without a hearing, there is no record to indicate whether counsel discussed the petition with his client or whether appellant made an

---

**2.** Since appellant entered a plea of guilty, the only legally cognizable issues in a post-conviction proceeding are those which affect either the voluntariness of the guilty plea or the legality of the sentence. Therefore, appellant will be entitled to relief only if he can prove that he did not knowingly waive his right to be heard and if he can demonstrate that the violation of Rule 1100 induced his guilty plea. See Commonwealth v. Bunch, 466 Pa. 22, 351 A.2d 284 (1976); Commonwealth v. Riviera, 254 Pa.Super. 196, 385 A.2d 976 (1978). It is significant that appellant's uncounseled petition made no attack on the voluntariness of his guilty plea. It is equally significant that appellant does not challenge here the voluntariness of his plea; appellant's only claim is that it was error for the trial court to have denied his PCHA petition without a hearing. A challenge to the voluntariness of a guilty plea, of course, will not be entertained in the absence of a motion to withdraw the plea in the trial court. See Commonwealth v. Miller, —— Pa. —— (filed Feb. 4, 1981).

informed decision not to contest the Commonwealth's application. Prior to entering a plea of guilty, appellant filed a motion to dismiss under Rule 1100(f) stating that the Commonwealth's application to extend was presented to the court without counsel for the defendant being present as required by Rule 1100(c).

■ Where a defendant is represented by counsel who has adequate notice of the hearing on a timely filed petition to extend and who, nevertheless, fails to appear, he may not thereafter contest the court ordered extension. *Commonwealth v. Taylor*, 473 Pa. 400, 374 A.2d 1274 (1977); *Commonwealth v. Frank*, 263 Pa.Super. 452, 398 A.2d 663 (1979); *Commonwealth v. Wareham*, 256 Pa.Super. 23, 389 A.2d 581 (1978); *Commonwealth v. Burton*, 246 Pa.Super. 498, 371 A.2d 946 (1977). *See also Commonwealth v. Waldman*, 484 Pa. 217, n.17, 398 A.2d 1022, n.17 (1979). However, we will not find an implied waiver in defendant's failure to appear absent evidence that counsel had adequate notice of the petition to extend and of the time set for a hearing on the petition. Where the record contains no such evidence, we will remand for an evidentiary hearing as to notice. See *Commonwealth v. Stickle*, 269 Pa.Super. 419, 410 A.2d 327 (1979); *Commonwealth v. Frank, supra; Commonwealth v. Brett*, 262 Pa.Super. 326, 396 A.2d 777 (1978); *Commonwealth v. Jones*, 258 Pa.Super. 50, 391 A.2d 667 (1978); *Commonwealth v. Wareham, supra.*

■ In the instant case, neither appellant nor his counsel appeared in court to challenge the Commonwealth's petition. Appellant concedes that counsel was served with notice of the hearing but maintains that counsel did not consult with him or inform him of his right to be heard. The record establishes that service was made on counsel simultaneous with the time set for the hearing and thirty minutes before the start of appellant's trial on another offense. Further, there is nothing in the record to indicate that the court

conducted an *ex parte* hearing on the Commonwealth's petition or that the Commonwealth presented evidence in support of its petition. *See Commonwealth v. Wareham, supra. Compare Commonwealth v. Taylor, supra.* Finally, the court's order granted the Commonwealth's petition without setting forth any specific basis for doing so. See *Commonwealth v. Wareham, supra.* Since appellant contested the grant of an extension by a timely motion to dismiss for violation of Rule 1100, it is clear that he did not intend to waive the right to challenge the extension. See *Commonwealth v. Wallace,* 475 Pa. 27, 379 A.2d 558 (1977); *Commonwealth v. Lamonna,* 473 Pa. 248, 373 A.2d 1355 (1977); *Commonwealth v. Stickle, supra.*

In light of the totally inadequate record in this case, a hearing is required to determine if appellant had an opportunity to consult with counsel and to contest the Commonwealth's petition, *see Commonwealth v. Frank,* 263 Pa.Super. at 476–477, 398 A.2d at 676; *Commonwealth v. Wareham,* 256 Pa.Super. at 32, 389 A.2d at 586. If appellant is able to establish a violation of Rule 1100, the PCHA court must also determine whether the violation effected the voluntariness of his guilty plea. *See Commonwealth v. Bunch, supra; Commonwealth v. Riviera, supra.*

Finally, appellant, represented for the first time by court-appointed private counsel, claims he was prevented from asserting ineffectiveness of trial counsel for failing to inform him of his rights under Rule 1100 and to take appropriate steps following service of the petition to extend, by the fact that he was represented in all proceedings prior to this appeal by the public defender's office. In order to determine this claim, as well as the related claim of a Rule 1100 violation and its effect on appellant's decision to enter a plea of guilty, we vacate the order denying appellant's post-conviction petition and remand for the filing of an amended petition by counsel not associated with the public defender's office and an evidentiary hearing thereon.