401 A.2d 756

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Fred ORLOSKY.**

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Thaddeus J. DEDO.**

Superior Court of Pennsylvania.

Submitted Oct. 26, 1978.

Decided April 4, 1979.

Charles W. Johns, Assistant District Attorney, Pittsburgh, for Commonwealth, appellant.

Byrd R. Brown, Pittsburgh, for appellee Fred Orlosky.

John H. Corbett, Jr., Assistant Public Defender, Pittsburgh, for appellee Thaddeus J. Dedo.

Before CERCONE, President Judge, and WIEAND and HOFFMAN, JJ.

WIEAND, Judge:

This is a Commonwealth appeal from an order of the Court of Common Pleas of Allegheny County which dismissed conspiracy charges against Fred Orlosky and Thaddeus J. Dedo because of a failure to commence trial within the time requirements of Pa.R.Crim.P. 1100. We affirm.

The procedural history of the cases is important. Complaints were filed on April 19, 1976, charging Orlosky and Dedo, appellees, with conspiracy to commit theft by deception. According to the mandate of Pa.R.Crim.P. 1100(a)(2), it was necessary that trial on such charges commence on or before October 16, 1976. On October 3, 1976, the Commonwealth filed applications to extend the time for commencement of trial. These applications were heard before the Honorable Donald E. Ziegler on October 12, 1976. The court

granted the requests of the Commonwealth by two separate orders, unaccompanied by findings of fact, which directed that the named defendants "be tried not later than 120 days after the final order of the appellate court at No. 22 April 1977 (Superior Court)."

The appeal referred to in the court's order involved a separate but related matter. The principal Commonwealth witness against Orlosky and Dedo was to be Clarence Miller, who had also implicated one Charles Goldblum in the alleged conspiracy. Goldblum had attempted to bring a private prosecution against Miller for perjury. The District Attorney of Allegheny County had declined to approve Goldblum's requested prosecution, and the Court of Common Pleas had affirmed the District Attorney's decision. Goldblum thereupon had appealed to the Superior Court.

The Commonwealth argued before Judge Ziegler on October 12, 1976, that it should not be required to commence trial against Orlosky and Dedo so long as there remained the possibility of a perjury conviction against its principal witness. The trial court concluded that the requested delay would serve the interests of justice, as well as those of the parties, and entered the orders previously recited.[1]

Goldblum's appeal to the Superior Court was decided on January 17, 1977 by a per curiam order which affirmed the trial court's order denying the requested private prosecution. Allocatur was denied by the Supreme Court on May 11, 1977. The record was remanded to the trial court on May 23, 1977.

Trial of the instant criminal action against Orlosky and Dedo was thereafter scheduled for September 13, 1977. On August 29, 1977, Dedo filed an application to dismiss because his trial had not commenced within 180 days following April 19, 1976. Orlosky filed a similar application on September 12, 1977. Both applications were heard on September 12,

1. The trial judge did not then have the benefit of Supreme Court decisions in *Commonwealth v. Shelton,* 469 Pa. 8, 364 A.2d 694 (1976) and *Commonwealth v. Mayfield,* 469 Pa. 214, 364 A.2d 1345 (1976). These decisions, although filed on October 8, 1976, were not reported until after the hearing of October 12, 1976.

1977 by Judge Ziegler. He concluded that he should reconsider the extension order which had been entered on October 12, 1976. Upon such reconsideration, he found that the Commonwealth had not demonstrated due diligence at the time of its initial request for an extension in October, 1976. Therefore, he set aside his prior order and dismissed the indictments. His order of September 12, 1977, which had been entered from the bench, was followed by a written opinion filed on September 14, 1977. In that opinion he also concluded that the indictments were fatally defective for failing to allege that a conspiracy had occurred or that overt acts had been committed in Allegheny County. From this order the Commonwealth filed the instant appeal.

We are constrained to agree with the trial court's determination that the Commonwealth failed at any time to demonstrate circumstances beyond its control which prevented a prompt trial. Rather, the failure to commence trial prior to October 16, 1976, was attributable solely to a strategy decision intentionally adopted by the prosecution. This strategy, even though it may have been prompted by a noble motive, was not consistent with due diligence. The possibility that a Commonwealth witness may at some time be charged with perjury by a criminal defendant against whom he or she intends to give testimony does not justify a Commonwealth decision to delay trial. Moreover, the possibility of a future accusation of perjury does not disqualify a witness. It is only a conviction for perjury which disqualifies a witness. *Commonwealth v. Pass*, 468 Pa. 36, 360 A.2d 167 (1976). The discretion which is vested in a prosecutor to withhold testimony which he deems unreliable does not allow for a delay in trial in order to test the witness' credibility in a collateral proceeding. The possible future accusation of perjury against a Commonwealth witness, therefore, was not a circumstance which prevented a speedy trial of the charges against appellees.

The Commonwealth contends that even if the trial court's extension order of October 12, 1976 had been entered in error, the error should not have been corrected by an

order dismissing the charges. It points to the fact that on October 12, 1976, when the order was entered, the period of 180 days following the filing of the complaints had not expired. We do not know, for the record does not reveal, whether the Commonwealth could have commenced trial before October 16, 1976. We do know, however, that the order extending the time of trial made it unnecessary for the Commonwealth to make such an attempt. When, on September 12, 1977, the trial court reconsidered and nullified its prior order, it entered an order which did not grant the Commonwealth any further opportunity to commence trial. The Commonwealth argues that when the trial court determined to set aside as improper its extension order of October 12, 1976, the prosecution should have been given at least the four days then remaining from the original 180 days within which to commence trial.

This argument would be more persuasive if the Commonwealth had commenced trial within the extended period allowed by the trial court's order of October 12, 1976. That order directed the commencement of trial "not later than 120 days after the final order of the appellate court at No. 22 April 1977 (Superior Court)." Assuming, without deciding, that this order contemplated not only an appeal to the Superior Court but also a petition for allocatur to the Supreme Court, trial should have commenced within 120 days after the order denying allocatur. This occurred on May 11, 1977. Trial, therefore, should have commenced prior to September 8, 1977. Unfortunately, trial was scheduled for September 13, 1977 and had not commenced when, on September 12, 1977, the trial court dismissed the charges.

■ We reject the Commonwealth's contention that the date which triggered the start of the 120 day period was May 23, 1977, the day on which the record was remanded to the trial court. This argument is based on Pa.R.Crim.P. 1100(e) which requires that following the grant of a new trial, the time for commencement thereof shall be not more than 120 days after the record has been remanded to the trial court. In the instant case, we are not concerned with

the granting of a new trial; and subsection (e) is not pertinent. Instead, we have before us an order which the trial court entered pursuant to subsection (c) of Rule 1100. The terms of that order are determinative of the time within which trial should have been commenced. It required that trial commence within "120 days after the final order of the appellate court" and not within 120 days after the record had been remanded to the trial court.

Under these circumstances the granting of additional time would have enabled the Commonwealth to avoid both the original 180 day limitation and also the extended period granted by the order of October 12, 1976. The trial court declined to reach such an anomalous result and dismissed the indictments. We agree. Appellees did not receive prompt trials, and the charges against them were properly dismissed.

Because of our disposition of appellants' Rule 1100 argument, it is unnecessary to determine whether the Commonwealth should have been permitted to amend the indictment to allege facts demonstrating that the Court of Common Pleas of Allegheny County had jurisdiction to hear the criminal charges.

The orders of the trial court are affirmed.

CERCONE, President Judge, concurs in the result.

HOFFMAN, J., files a concurring statement.

HOFFMAN, Judge, concurring:

I agree that dismissal of the charges was proper because the Commonwealth failed to bring appellant to trial by September 8, 1977, which was the final day for trial allowed by the court's extension order of October 12, 1976.

Therefore, I would not reach the issue of whether the Commonwealth failed to show due diligence by seeking to delay appellant's trial until its principal witness was no longer subject to a possible perjury prosecution.