## Commonwealth v. Turney

*J. Craig Cox, Norman A. Barilla,* for the Commonwealth.

*Allen L. Palmer, Phillip L. Clark, Jr.,* for defendant.

CAIAZZA, *J.*, May 26, 1982—Before the court is the Commonwealth's application to extend the time for commencement of trial.

The background of the case may be summarized as follows. On June 12, 1981, two criminal complaints were filed charging defendant with homicide related to the deaths of Leroy Talley and Rozelle Talley. Arrest and preliminary arraignment on these charges occurred on June 13, 1981. A complaint filed on June 13, 1981, charged defendant with aggravated assault and recklessly endangering another person, and he was preliminarily arraigned on these charges the same day. The preliminary hearing was set for June 23, 1981, but was continued to July 14, 1981, because defendant was not represented by counsel. Defendant was bound over to court as a result of the preliminary hearing.

On July 13, 1981, defendant was charged with receiving stolen goods. Preliminary arraignment was held on July 14, 1981, and defendant was held for court at the preliminary hearing held on July 21, 1981.

Defendant waived his right to arraignment on all of the charges enumerated above on August 10, 1981. Also on August 10, 1981, the Commonwealth presented a motion to consolidate these charges for trial. A rule was issued returnable August 18, 1981, in response to which counsel for defendant filed objections. Hearings on the consolidation issue and defendant's omnibus pre-trial motion, filed on September 9, 1981, were held on September 25, 1981. The court ruled on these pretrial motions on December 2, 1981. One upshot of defendant's omnibus motion was the granting of his request for a psychiatric evaluation.

Because of the delays in obtaining the psychiatrist's report, a series of defense continuances and

Commonwealth applications to extend were granted, the most recent of which postponed the time by which defendant must be brought to trial until the 30th of April, 1982.

The case was listed for trial the week of April 26, 1982. However, a pretrial order issued on April 27, 1982, granting defendant's motion to exclude evidence related to the testimony of Fred W. Fochtman or the results of any analysis performed by him on the blood of Charles Turney was appealed by the Commonwealth to the Superior Court on April 28, 1982.

At this time we must consider the Commonwealth's fourth application to extend the time for commencement of trial. The threshold question is whether or not this court has jurisdiction to decide the instant motion to extend.

In his motion to dismiss the Commonwealth's application to extend, defendant claims that because of the appeal filed in Superior Court, this court no longer has jurisdiction to decide any further matters in this case. We disagree.

It is true that as a general rule the lower court may no longer proceed further in a matter after an appeal is taken or a petition for allowance of appeal is filed. Pa. R.A.P. 1701, 42 Pa. C.S. This prohibition, however, is not absolute. Subsection (c) of Rule 1701 specifically limits the bar to further proceedings to only those matters to be adjudged in the appeal.

"Pa. R.A.P. 1701(c) Limited to Matters in Dispute. Where only a particular item, claim or assessment adjudged in the matter is involved in an appeal, or in a petition for review proceeding relating to a quasijudicial order, the appeal or petition for review proceeding shall operate to prevent the lower court or other governmental unit from proceeding

further with only such item, claim or assessment, unless otherwise ordered by the lower court or other governmental unit or by the appellate court or a judge thereof as necessary to preserve the rights of the appellant." Relatedly, Rule 1701(b)(1) allows the lower court to take any action as may be necessary to preserve the status quo.

In Commonwealth v. Baldwin, 282 Pa. Super. 82, 422 A.2d 838 (1980), the Commonwealth had appealed an order upholding the validity of a nighttime search to the Supreme Court. When an appeal related to the suppression of evidence based upon an illegal wiretap was brought before the Superior Court, that court held that it did have jurisdiction to consider the merits notwithstanding the fact that an appeal in the same case was then pending in the Supreme Court.

By virtue of Rule 1701(c), the lower court held that it could go forward on matters which were unrelated to the issue on appeal to a higher court.

"Jurisdiction as to the entire case is not transferred in an appellate proceeding for the review of an incidental or interlocutory matter, but the trial court or parties may still proceed in matters not involved in the appeal and which are entirely collateral to the part of the case taken up; and the appellate court is without power to make any orders in the cause except with respect to the particular appealed from. 4A C.J.S. Appeal and Error §609.

Rule 1701 does permit action by the lower court in certain instances notwithstanding the pendency of an appeal. This court has jurisdiction to consider the Commonwealth's application for an extension under Pa. R. Crim. P. 1100(c) because that determination is in no way dependent on the issues pending before the Superior Court. Secondly, the lower court also has the authority to preserve the status quo. It

is obvious and apparent that the Commonwealth has the right to appeal at this juncture. And the issue raised therein is crucial to the prosecution of defendant. Consequently, the Commonwealth should not be subjected to suffer penalties merely because they have pursued their right of review. We conclude, therefore, that this court has jurisdiction to decide the application to extend the time for trial filed by the Commonwealth.

Turning to the merits of this petition, it is well established that judicial delay may be a ground for an extension of the time period within which trial must be commenced under Rule 1100; perfection of an interlocutory appeal constitutes such a delay. We find that to date the Commonwealth has exercised due diligence in their efforts to bring defendant to trial.

The Commonwealth's petition requests an extension for the period extending one hundred twenty days from the appellate court's remand of the record to the trial court. This time period apparently was derived from Rule 100(e); however, that section is not relevant to the instant case as the appellate decision is not concerned with the granting of a new trial. See Commonwealth v. Orlosky, 264 Pa. Super. 598, 401 A.2d 756, 759 (1979). Here defendant has not had any trial yet; the appeal is based upon a pretrial order by the lower court.

For the foregoing reasons, we grant an extension of the time for commencement of trial to the first complete trial term immediately following docketing of a final order by the Superior Court.* A more

---

* In Commonwealth v. Huertas, 261 Pa. Super. 257, 396 A.2d 386 (1978), where defendant was a fugitive, the Superior Court approved an extension of the period in which defendant must be tried which was granted "until the first complete trial term immediately following receipt of custody of the person of

definite date for resolution of the appeal, which is to be pursued by the Commonwealth with due diligence, cannot be ascertained at this time.

## ORDER OF COURT

And now, this May 26, 1982, for reasons set forth in the memorandum opinion filed this day, the Commonwealth's application for extension of time for commencement of trial is granted. Relatedly, defendant's motion to quash rule and/or dismiss the application is refused.

Trial of defendant must be commenced in the first complete trial term immediately following docketing of a final order by the Superior Court resolving the issue in this case presently before it on appeal.

---

the defendant by the Court of Northampton exercising due diligence pursuant to Rule 1100 by the Pennsylvania Rules of Civil Procedure" as having sufficient specificity to comply with Rule 1100(c).